Francis J. Curran, Francis J. Maguire and Ira F. Jones, Jr., Petitioners Below, Appellants, v. John A. Woolley, Robert P. Barnett, John F. Porter, Jr., William A. Henry and Charles E. Grubb, Constituting the Board of Trustees of the New Castle County Workhouse, Respondents Below, Appellees.

(*May* 6, 1954.)

SOUTHERLAND, C. J., WOLCOTT and TUNNELL, J. J., sitting.

*Herbert L. Maris* and *Charles F. G. Smith* (of Philadelphia, Pa.) and *Irving Morris* for appellants.

*Vincent A. Theisen,* Chief Deputy Attorney-General, and *Stephen E. Hamilton, Jr.,* Deputy Attorney-General, for appellees.

Supreme Court of the State of Delaware, No. 3, 1954.

WOLLCOTT, J.:

The question raised by this appeal is one of procedure. The appellants, hereinafter referred to as the petitioners, contend that they have a right to proceed to a hearing on the merits of their contention that they are illegally imprisoned by way of petition for a writ of habeas corpus. The Board of Trustees, hereinafter referred to as the State, maintain, however, that the petitioners must first exhaust the remedies available to them under Rule 35 of the Criminal Rules of the Superior Court before they may be heard upon a petition for a writ of habeas corpus.

Rule 35 of the Criminal Rules of the Superior Court is, in part, as follows:

"Rule 35. Correction or Reduction of Sentence.

"(a) *Correction of Illegal Sentence.* The court may correct an illegal sentence at any time. A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same. * * * If the court finds that the judgment was rendered without jurisdiction or that the sentence imposed was illegal or otherwise subject to collateral attack, or that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate. The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner."

The petitioners, after a trial before a jury, were found guilty of rape and on March 15, 1948, the jury having recommended them to the mercy of the court, were sentenced to life imprisonment.

In April, 1953, the petitioners, alleging that they had been convicted and imprisoned in violation of the Constitutions of Delaware and of the United States, sought a writ of habeas corpus in the Superior Court of New Castle County.

The petition alleged, in support of the charge that they were unconstitutionally imprisoned, that certain statements signed by them were admitted into evidence during their trial; that those statements were false and misleading and known to be so to the police; that the police officers at the trial gave perjured testimony in connection with the statements; and that, by reason of prejudicial press and radio coverage of the events before trial, it was impossible for the petitioners to obtain a trial before a jury free of bias and prejudice.

The State moved to dismiss the petition on the ground that it failed "to state any ground upon which relief of Habeas Corpus can be granted."

By order dated September 25, 1953, and by further order following re-argument of the State's motion dated November 10, 1953, the Superior Court dismissed the petition without prejudice and directed the petitioners to exhaust remedies available to them under Rule 35 of the Criminal Rules of the Superior Court before again presenting a petition for a writ of habeas corpus. *Del. Super.*, 101 *A.* 2d 303.

From the two orders of the Superior Court, the petitioners have appealed. Their appeal, therefore, brings before us for decision solely a question of procedure, viz., whether the petitioners must first proceed under Rule 35 before petitioning for a writ of habeas corpus. We, accordingly, are not concerned in this appeal with the merits of the petitioners' contentions and, therefore, are not to be understood as expressing any opinion upon them.

■ The precise question before us is whether or not a prisoner committed to prison pursuant to a judgment of conviction, legal on its face, may have his conviction and sentence re-examined in the light of circumstances dehors the record through the medium of a petition for a writ of habeas corpus. Absent extraordinary circumstances, we are of the opinion that he may not do so in the courts of Delaware.

■ 10 *Del. C.*, § 6902, provides that every person illegally restrained of his liberty, except those committed on a charge of felony, "the species whereof is plainly and fully set forth in the commitment", shall have remedy by writ of habeas corpus. In our opinion this statute is declaratory of the common law right to a writ of habeas corpus.

■ At common law as applied in this State, the writ of habeas corpus is not a writ by which errors in the conduct of a trial sufficient in themselves to obtain a reversal of the conviction on appeal can be taken advantage of to obtain the release of the prisoner. After a judgment of conviction in a court of competent jurisdiction and a subsequent commitment pursuant thereto, a prisoner may not obtain his discharge by a writ of habeas corpus no matter how illegal or erroneous the judgment of conviction might have been, if the judgment of the court is legal on its face. *Biddle v. Board of Trustees*, 3 *W. W. Harr.* 425, 138 *A.* 631. Furthermore, upon a hearing on a petition for a writ of habeas corpus brought by a prisoner under sentence pursuant to conviction, the only material fact to be ascertained is the existence of a judgment of conviction by a court of competent jurisdiction and a valid commitment of the prisoner to enforce the sentence. If that fact is ascertained, further inquiry into the allegations of the petition is precluded. *State v. Schlemm*, 4 *Harr.* 577, 578.

■■ Historically, a hearing on a petition for a writ of habeas corpus when sought by a prisoner committed under a sentence of court has always been limited to an inquiry into the jurisdiction of the court ordering the commitment. The estab-

lishment of a commitment valid on its face will cause the dismissal of the petition and the remand of the prisoner to custody. He is, however, free to pursue other remedies available to him to re-examine into the legality of his imprisonment. I *Bailey on Habeas Corpus*, §§ 30 and 34, 25 *Am. Jur.*, Habeas Corpus, §§ 10, 26, 51, 55. Such is the rule in Delaware and such, also, was the rule in the federal courts under the Judiciary Act of 1789. See *Ex parte Watkins*, 3 *Pet.* 193, 7 *L. Ed.* 650.

We think, therefore, except possibly under extraordinary circumstances not present in this case, that the remedy of habeas corpus is not available in Delaware to a prisoner in custody by reason of a sentence valid on its face imposed by a court of competent jurisdiction. Petitioners, however, in effect argue that even though that conclusion might have been correct at common law, the requirements of federal due process require the extention and adaptation by state courts of the common law writ of habeas corpus to safeguard rights guaranteed by the Federal Constitution.

It is true that the enactment of the Civil Rights Act of 1867 by the Congress of the United States, and the adoption of the Fourteenth Amendment eventually caused drastic changes to be made in the law of federal habeas corpus. As the result of a series of judical decisions commencing in the early part of this century, the writ is now granted for any detention in violation of the Constitution or laws of the United States, and is now available in federal courts to all persons, whether in state or federal custody, detained in violation of any such right. See The Freedom Writ, 61 *Harv. Law Rev.*, 657.

It is now settled by the Supreme Court of the United States that a state must provide an adequate procedure to give a person deprived of his freedom the opportunity to have the intrinsic fairness of the criminal process under which he is committed examined into, even though it appears proper and regular on its face. Wide discretion, however, is left to the states as to the manner and method for the adjudication of the prisoner's

claim that his conviction is unconstitutional. The states are left free to decide their own methods of procedure. We do not understand that the states are directed to provide a remedy by the expansion of the ancient writ of habeas corpus. The only requirement laid down by the Supreme Court of the United States as a guide to the states in establishing a procedure for the reexamination of sentences is that it must be available and adequate. *Carter v. Illinois*, 329 *U. S.* 173, 67 *S. Ct.* 216, 219, 91 *L. Ed.* 172. In the cited case it is specifically stated that a state may provide for the protection of federal constitutional rights through the writs of habeas corpus or *coram nobis,* or "it may afford remedy by a simple motion brought either in the court of original conviction or at the place of detention."

We think, therefore, that there is no federal mandate to the State of Delaware to afford prisoners such remedy by writ of habeas corpus. The only injunction is to provide an adequate remedy of some kind. We think the State of Delaware has complied by the promulgation of Rule 35 of the Criminal Rules of the Superior Court quoted above. Under this rule, any prisoner who claims to have been imprisoned in violation of his federal constitutional rights may, by motion at any time, move to vacate, set aside or correct his sentence, and if after the motion is heard upon its merits it is determined that the sentence was illegal, complete justice to the prisoner may be done by vacating and setting aside the conviction, correcting the sentence, discharging or re-sentencing the prisoner, or granting a new trial, as to the court may appear appropriate under the circumstances.

We fail to see in what manner the State of Delaware could have afforded a more adequate remedy to a prisoner who claims his imprisonment to be illegal. There is no magic in the common law writ of habeas corpus which compels the State of Delaware to make it a writ of review of conviction for crime. Such an adaptation would be a distortion, leading to inevitable confusion.

The petitioners, however, argue that Rule 35 of the Superior Court is an inadequate remedy, even though it is available. Their argument is that Rule 35 is inadequate with respect to ultimate relief afforded and with respect to the right to discovery. The inadequacy of the relief afforded is asserted to be that the court's discretionary powers are broad and that it may tailor the relief to fit the circumstances, while in habeas corpus proceedings the court in affording relief is limited to a discharge of the prisoner. The inadequacy of the right to discovery is asserted to be that it is much more limited in scope than is that afforded in a petition for a writ of habeas corpus, since the latter is governed by the Rules of Civil Procedure which give a broad right of discovery. For these two reasons, argue the petitioners, the remedy afforded by Rule 35 of the Criminal Rules is inadequate.

The answer to petitioners' argument based upon the difference in ultimate relief is that historically the remedy of the writ of habeas corpus would not have been available to these petitioners, and that there is no constitutional requirement that the States provide that precise remedy. The substantive right of petitioners is to a review of the intrinsic fairness of their convictions and to the providing of adequate remedies to redress injustice. Rule 35 is sufficient for that purpose.

Nor does the difference in the right to discovery affect the substantive constitutional right of the petitioners. That right is to a hearing on the merits of their contentions. The procedure by which that end is to be accomplished need not necessarily follow a prescribed pattern. The happenstance that Delaware has adopted liberal rules of discovery with respect to civil litigation will not operate to enlarge the substance of this federally guaranteed constitutional right, particularly since prior to the adoption of the Rules of Civil Procedure, *Del. C. Ann.*, on January 1, 1948 there would have been no comparable means of discovery.

■ For the foregoing reasons, the orders of the Superior Court of New Castle County dismissing without prejudice the petition for a writ of habeas corpus are affirmed.