### In Re Elizabeth Ann Fitts

[197 A.2d 808]

December Term, 1963

Present: Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed February 4, 1964

*John & O'Connor* for the petitioner.

*Chester S. Ketcham,* Deputy Attorney General, for the State.

**Sylvester, J.** This case is here on an appeal by the State of Vermont from an order of the Rutland County Court granting the application of the appellee Elizabeth Ann Fitts for a writ of habeas corpus, who at the time of hearing on the application was confined at the Women's Reformatory in Rutland, Vermont.

The petitioner, Elizabeth Ann Fitts, a minor, 18 years of age, was convicted of a crime of petty larceny on her plea of guilty in the Brattleboro Municipal Court on August 3, 1962. She was

sentenced to serve not less than four or more than six months at the Women's Reformatory in Rutland and to pay a fine of $25.00 and costs of $4.95. After subscribing to the usual terms of probation, her sentence was suspended and she was placed on probation. One of the conditions of the probation was that she pay the fine and costs during the term thereof. The sentencing court did not fix a definite period of probation or provide that it continue for the duration of her term in the reformatory. On June 5, 1963 the Brattleboro Municipal Court found Miss Fitts had violated the terms of her probation, the suspended sentence was revoked and she was ordered committed to the reformatory to serve her original sentence of four to six months.

On June 6, 1963, a petition for writ of habeas corpus was signed and instituted by Robert H. Fitts, the father and next friend of Elizabeth Ann Fitts, alleging in part that:

"9. That said warrant further charged that on occasion your petitioner associated with improper persons, when in truth and fact petitioner did not associate with any improper person nor was any proof adduced to show that she did so associate, and further said probation agreement did not prohibit the association of petitioner with improper persons, nor was petitioner advised which persons were or were not improper.

"10. That said breach of probation warrant further charged that your petitioner changed her address from one point to another within the jurisdiction of the local Probation Officer and alleged this as a further violation of the terms of the probation agreement, when in truth and fact said charge could not, as a matter of law, place her in violation of her probation agreement."

"12. That on, to wit, the 29th day of March, 1963, your petitioner was apprehended by the Brattleboro Police Department at 12:30 a.m. and was held at the Brattleboro Police Department until 5:00 p.m. on the same day: that while your petitioner was in the custody of the Brattleboro Police Department she was subjected to constant interrogation for a period of some four (4) hours: that threats were made by the interrogating officers: petitioner was threatened with solitary confinement and was further threatened with prose-

cution by the Probation Officer; promises of rewards were made, to wit, that if petitioner did sign a confession admitting to a felony the Brattleboro Police Department would immediately release her from custody: that throughout the entire four-(4) hour period duress and coercion of every kind and nature were exerted by police officers: that said child was denied the right to advise her parents of the fact of her detention and she was further denied the right to secure counsel to advise her: and finally your petitioner was tricked by falsehoods made by said interrogating officers into making and giving statements incriminating her with reference to the commission of a felony."

The petition was referred to Rutland County Court then in session and was heard by the Court on June 27, 1963. On August 1, 1963, the court adjudged that legal cause had not been shown for Miss Fitts' imprisonment and restraint and an "Order for Release" was made in writing under the provisions of 12 V.S.A. §3972, releasing and discharging Miss Fitts from her imprisonment in the reformatory. Following this decision and release of the petitioner the State filed a notice of appeal under 12 V.S.A., §§2382 and 2383, seeking appellate review in this court of the lower court's decision in granting Miss Fitts a discharge and release from her imprisonment.

The trial court did not prepare and file a finding of fact but after having made reference to the allegations of the petition, set forth in its "Order for Release" the following language:

". . . by virtue thereof, on grounds that the petitioner, Elizabeth Ann Fitts was denied the right to secure counsel to advise her and, as a child, was denied the right to advise her parents of her detention in the Brattleboro Police Department on the 29th of March, 1963, and that while she was in the custody of the Brattleboro Police Department she was subjected to constant interrogation for a lengthy period of time without the advice of counsel and without a guardian ad litem in the name of her parents having been appointed."

The State claims error on the part of the trial court in granting the petitioner a discharge. It assigns the following reasons: first, failure on the part of the court to make findings of fact as required

by 12 V.S.A. §2385; secondly, assuming the order for release satisfied the statutory requirement for findings of fact as required by §2385, *supra,* the facts cited therein are not sufficiently supported by evidence.

The petitioner meets these claimed errors by contending that a discharge on a writ of habeas corpus, such as here, is not subject to review on an appeal by the State, and secondly, that the order for release is adequately supported by evidence.

In our disposition of the case we need to consider only the question raised by the appellee, namely, that a discharge by the lower court on her writ of habeas corpus is not subject to an appeal by the State.

Habeas corpus is an extraordinary right or remedy, and proceedings thereunder are governed by special statutes contained in 12 V.S.A. Chapter 143. No Vermont statute expressly authorizes an appeal from a habeas corpus proceeding. This appeal by the State was taken under 12 V.S.A. §§2382, 2383; these are general statutes governing notices of appeal and the filing thereof, in actions or proceedings, civil or criminal, which are appealable.

Our Vermont statutes and their history relating to habeas corpus indicate a legislative intent for a speedy and final disposition of such cases, as evidenced by the following sections contained in 12 V.S.A. Chapter 143, *supra.*

Section 3956 provides that:

"With delay, such court or magistrate shall award and issue a writ of habeas corpus, which shall be made returnable forthwith."

Section 3978 provides:

"A person neglecting or refusing to receive and execute a writ of habeas corpus shall forfeit to the person aggrieved $400.00, . . ."

Section 3971 provides in part:

". . . Such court or magistrate may examine the causes of the imprisonment or restraint in a summary manner and hear the evidence produced by any person interested or authorized to appear, in support of or against such imprisonment or restraint."

Section 3972 provides in part:

"When legal cause is not shown for the imprisonment or restraint, such court or magistrate shall discharge the person

therefrom. The petition for a writ of habeas corpus heard by a court or magistrate, together with the decision thereon in writing, shall be returned for record . . ."

Section 3984 provides:

"A person who has been discharged upon habeas corpus shall not be imprisoned or restrained again for the same cause, unless he is indicted therefor or convicted thereof, or does not find bail as ordered by a court of record or unless, after a discharge for a defect of proof or for material defect in the commitment in a criminal cause, he is again arrested on sufficient proof and committed for the same offense."

■ The provisions of these statutes clearly indicate that habeas corpus proceedings were intended by the legislature to be a quick and summary procedure for relief from illegal imprisonment unimpeded by appeal and review by the State.

Authorities are in conflict on the question whether an order or judgment discharging a petitioner from custody may be reviewed. 36 C.J.S. Habeas Corpus, §109a, 705, 706; 25 Am. Jur. Habeas Corpus, §157, p. 251.

The State has cited a large number of cases decided by the appellate courts of our sister states, most of which, if not all, holding habeas corpus proceedings to be civil and not criminal actions and giving the state or law enforcement agencies a right of appeal and review. We observe, however, that these cases deal with a particular state or federal statute. As we have seen, we have no statute specifically authorizing an appeal on behalf of the state where a prisoner has obtained a discharge at the hands of the lower court.

The decided weight of authority is to the effect that in the absence of a statutory provision a judgment in habeas corpus proceedings discharging a prisoner cannot be reviewed on an appeal by the state or a public law enforcement officer. 2 Am. Jur., Appeal and Error, §175, p. 956, and cases cited under note 17; 10 A.L.R. 386 and 30 A.L.R. 1322.

This is the holding in the case of *Re: Barney Baker,* 56 Vt. 1. In that opinion the Court stated:

". . . and the whole course of legislation and judicial exposition in America, discloses the most zealous anxiety to make the

writ a quick and summary procedure for relief from imprisonment."

In *Re Turner*, 92 Vt. 210 at p. 212, 102 Atl. 943, the Court stated:

"The beneficent purpose of the writ is to provide a summary proceeding to determine the lawfulness of one's imprisonment or restraint."

"The court or other authority to whom the complaint is made, is required to award the writ and without delay examine the causes of imprisonment or restraint. Each is given full power to make *final disposition of* the application." ·

This language would seem to imply a complete finality to proceedings such as we have here.

The language and reasoning of the Court in the case of *McFarland* v. *Johnson*, 27 Tex. 107, expresses and emphasizes the situation here. The Court there stated:

"To allow appeals from the judgment of the court discharging the applicant would defeat the purpose of the writ as a speedy and prompt relief against illegal detention . . . If the judgment should be superseded by the appeal, the appellate court would be unable effectually to correct the error of the inferior tribunal. The applicant would probably have passed beyond the control of the court, and no decision that it would make would, in many cases, effect his recapture or restoration of the custody from which the original judgment discharged him."

With great conflict of authority as to whether appeals may be taken from a discharge in habeas corpus proceedings in the absence of a general statute dealing with such appeals, in the main, the appellate courts have seemed averse to the taking of jurisdiction to review an order of discharge in habeas corpus actions, thus the tendency has been to deny the privilege of such an appeal except where expressly granted. 2 Am. Jur. Appeal and Error, §122, p. 923, and cases cited under notes 15 and 16.

We have given close attention to the provisions of Chapter 143, *supra*. We fail to find any statute, parts of a statute, or any provision therein, that in any way indicates or implies a right of appeal by the State from a discharge of a prisoner on habeas corpus proceedings.

■ The appellant State is limited to the general appellate statutes, Sections 2382 and 2383, *supra,* under which statutes this appeal was taken. Section 2382 provides that "In any action or proceedings, civil or criminal, appealable from any court . . . an appeal may be taken." We hold the State's attempted appeal here is not one contemplated by the above statute. We are inclined to the belief that had the legislature intended the right of an appeal from an order of discharge it would have so declared by appropriate legislative enactment.

■ Aside and apart from our holding here, it is apparent that a determination of the issues, even if favorable to the State, would have no practical effect on the ultimate result. The appellee, Miss Fitts, has been unconditionally released and discharged by the lower court. In our view, the provisions of Chapter 143, 12 V.S.A. do not authorize the issuance of a process designed for the purpose of recapturing her and we are not aware of any other lawful means that could be resorted to for this purpose.

It is true of course, without the right of appeal and review on the part of the State, a sympathetic judge or court could, with a stroke of the pen, free and put at large the entire populace of our state penal institutions while our state law enforcement agencies would be compelled to stand idly by without resort to a legal remedy.

If this is as an alarming a situation as the State perceives it to be, it is one that can be easily corrected by invoking the legislative processes.

■ However, we must and can assume the courts, in considering material and substantial questions of law and fact and personal liberties involved in habeas corpus proceedings, will do so with the same fair, conscientious and impartial sense of justice as expected in other litigious matters.

*Appeal dismissed.*