FRANCIS McCOY, JR., Defendant Below, Appellant, v. THE STATE OF DELAWARE, Appellee.

(*March* 1, 1966)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*James F. Kipp,* Asst. Public Defender, for appellant.

*Merrill Trader,* Deputy Atty. Gen., for appellee.

Supreme Court of the State of Delaware, No. 80, 1965.

CAREY, Justice.

The defendant has appealed from an order of the Superior Court which declined to reverse a ruling of the Court of Common Pleas of Kent County. The only question presently for consideration is whether this Court has jurisdiction to entertain this appeal.

On December 18, 1963, the defendant entered a plea of guilty to a charge of being drunk on a highway in violation of T. 11 *Del. C.* Sec. 611. The Court of Common Pleas imposed a sentence of two days imprisonment and five additional days for non-payment of costs. Because defendant had already been in custody for seven days awaiting the hearing, he was immediately released, pursuant to T. 11 *Del. C.* Sec. 3902 (b).

At the time this case arose, defendant was free on parole on a conviction of a felony. Because of his plea in this case, his parole was promptly revoked by the Parole Board and he is still incarcerated on the felony charge. On June 30, 1965 (about eighteen months after revocation of the parole) defendant applied to the Court of Common Pleas for permission to withdraw his plea of guilty herein. The request was denied, whereupon he appealed to the Superior Court, which declined to reverse the action of the trial Court. He then filed the present appeal. The Public Defender was asked to argue the matter before us.

The right to a review by this Court exists only when and to the extent provided in the Constitution and laws of this State. *Casey v. Southern Corp.,* 26 Del. Ch. 447, 29 A.2d 174; *Short v. State,* Del., 181 A.2d 225. The provision of our Constitution, *Del. C.* Ann., here pertinent is Article 4, Sec. 11(1) (b) which reads as follows:

"(1) (b) To receive appeals from the Superior Court in criminal causes, upon application of the accused in all cases in which the

sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars, and in such other cases as shall be provided by law; and to determine finally all matters of appeal on the judgments and proceedings of said Superior Court in criminal causes: Provided, however, that appeals from the Superior Court in cases of prosecution under Section 8 of Article V of this Constitution shall be governed by the provisions of that Section."

The case now before us is not one "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars;" the maximum sentence which could be imposed for the offense is five days imprisonment or a fine of $10, plus costs, and the penalty actually imposed amounted to a total of seven days imprisonment because of non-payment of costs. Accordingly, the Constitution itself does not confer jurisdiction upon us to entertain this appeal. Although the quoted section of the Constitution empowers the Legislature to allow appeals in criminal cases where the sentence is less than that set forth in Article 4, there is in fact no statute in existence applicable to a conviction under Sec. 611. It is quite clear, therefore, that we are without jurisdiction to entertain this appeal, which must accordingly be dismissed.