**In the Matter of Harrison George DEAN.**

Supreme Court of Delaware.

Feb. 26, 1969.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for the State.

John Merwin Bader, Wilmington, for Harrison George Dean.

WOLCOTT, C. J., CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

We have before us for decision the motion of the State to dismiss this appeal from the denial by the Superior Court of a petition for a writ of *habeas corpus* by which Harrison George Dean sought to resist extradition to North Carolina.

In the petition it was urged that the requirement of 11 Del.C., § 2507, to the effect that the Governor of Delaware's warrant of arrest issued pursuant to an extradition demand shall "substantially recite the facts necessary to the validity of its issuance", was not complied with. It is also charged that the requisition from the demanding state did not comply with 11 Del. C., § 2503 which requires that the demand allege "that the accused was present in the demanding state at the time of the commission of the alleged crime."

The State moves to dismiss on the ground that the order of the Superior Court is not appealable. Two reasons are asserted: (1) that the order is an interlocutory order in a criminal cause and, as such, is not appealable, or (2) that extradition proceedings under 11 Del.C., Ch. 25 are not reviewable by this Court under Article IV, § 11(1) (b) of the Constitution, Del.C.Ann., conferring jurisdiction by way of appeal in criminal causes.

The State cites Norman v. State, 4 Storey 395, 177 A.2d 347, and Hunter v. State, Del., 209 A.2d 469, decisions of this Court holding that our jurisdiction to review criminal causes by way of appeal is limited to criminal causes which have gone to final judgment, and that interlocutory appeals are not permitted. The cited decisions, of course, so hold, but we think they are inapposite in the instant case.

■ The writ of *habeas corpus* is a writ directed to an officer or person who is detaining another. The writ is designed to obtain the speedy release of persons illegally deprived of their liberty, or illegally kept from the control of those who are entitled to the custody of them. 39 Am.Jur. 2d, Habeas Corpus, § 1. Petitions for *habeas corpus* have been filed in this state and reviewed by this Court which sought custody of or visitation with children upon the suit of an estranged parent, In re Two Minor Children, 3 Storey 565, 173 A.2d 876, as well as release from custody upon the suit of the prisoner following a criminal conviction. Curran v. Woolley, 9 Terry 382, 104 A.2d 771.

■ Even when a petition is filed by a prisoner, the proceeding remains civil in nature; it does not change character by reason of the status of the petitioner. The purpose of the writ is not to determine guilt or innocence but the legality of the detention. 39 Am.Jur.2d, Habeas Corpus, § 10; 39 C.J.S. Habeas Corpus § 1; Johnson v. Montgomery Co. Detention Ctr., 244 Md. 384, 223 A.2d 584, and Paylor v. Claudy, 366 Pa. 282, 77 A.2d 350.

The precise question has not been raised heretofore in this Court. Nevertheless, the acceptance of appeals from the denial of *habeas corpus* is, we think, an implicit recognition by us of the rule. See Curran v. Woolley, supra; Golla v. State, 2 Storey 433, 159 A.2d 585; Lewis v. State, Del., 215 A.2d 433, and Quillen v. Betts, 9 Terry 93, 98 A.2d 770.

In the *Curran* case, we rejected *habeas corpus* as the post-conviction remedy to have the intrinsic fairness of a conviction examined into and limited such relief to a motion under Superior Court Criminal Rule 35. In so doing, we rejected an argument made on behalf of the prisoners that to deny them relief by way of *habeas corpus* deprived them of an asserted constitutional right of discovery through the liberal discovery afforded by the Superior Court Rules of Civil Procedure. In so doing, implicitly we recognized that *habeas corpus* proceedings are civil in nature.

Jurisdiction to award writs of *habeas corpus* has long been reposed in the Superior Court. See 10 Del.C., § 6901; 1935 Code, § 4929; 1915 Code, § 4477, and 1852 Code, § 2545. By 11 Del.C., § 2510, enacted in 1937 (41 Laws, Ch. 213), the right to issue the writ to test the validity of an extradition was conferred upon the Superior Court.

Prior to 1951 the jurisdiction of the Superior Court was purely civil. Article IV, § 7. All general criminal jurisdiction prior to 1951 was conferred by Article IV, § 7 and § 8, upon the former Court of General Sessions and the Court of Oyer and Terminer. In that year, however, the constitutional amendment of 48 Laws, Ch. 109, abolished the former criminal courts and conferred general criminal jurisdiction upon the Superior Court.

The power to issue the writ having long been conferred upon a court purely civil in nature, and without any criminal jurisdiction, demonstrates that the remedy was necessarily civil in nature, as it was at common law. It does not follow, we think, that the conferring of criminal jurisdiction upon a court formerly possessed of only civil jurisdiction can have the effect of changing into a quasi-criminal proceeding civil remedies long exercised by that court.

■ This, therefore, is an appeal from a civil proceeding in the Superior Court. This Court has, by reason of Article IV, § 11(1) (a), jurisdiction to hear and determine all matters of appeal in the interlocutory as well as final judgments and other proceedings of the Superior Court. Haveg Corp. v. Guyer, Del., 211 A.2d 910.

The motion to dismiss the appeal is denied.