**FAMILY COURT of the State of Delaware, Respondent Below, Appellant,**

v.

**Thomas ALEXANDER, Jr., Petitioner Below, Appellee.**

Supreme Court of Delaware.

Submitted: Dec. 10, 1986.

Decided: March 23, 1987.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for respondent below, appellant.

Joseph A. Rosenthal, Morris & Rosenthal, P.A., Wilmington, as amicus curiae.

Before CHRISTIE, C.J., HORSEY and WALSH, JJ.

PER CURIAM:

This appeal, initiated by the Attorney General on behalf of the Family Court, seeks review of a Superior Court ruling which reversed a contempt adjudication by a judge of the Family Court. The subject of the contempt finding, Thomas Alexander, Jr., was found guilty of contempt of court, and sentenced to ten days in jail, for refusing to leave a courtroom during a contested divorce hearing in which he was neither a litigant nor an attorney. Alexander promptly sought a writ of habeas corpus in the Superior Court. After a hearing, the Superior Court granted the petition for habeas corpus and discharged Alexander on the ground that the Family Court had failed to create an evidential record of the contempt proceeding, thus precluding meaningful review of the contempt finding.

Although he is the nominal appellee in this matter, Alexander declined to file an answering brief or otherwise participate in this appeal because he has been, in effect, acquitted of the contempt charge and is no longer in jeopardy. To assure meaningful review of this appeal, this Court appointed Joseph Rosenthal, Esquire, as amicus curiae, to respond to the Attorney General's brief and to assert a position in support of the Superior Court's decision. Mr. Rosenthal has filed a brief and a supplementary memorandum. This Court expresses its appreciation for his able participation in this matter.

Following the exchange of the initial briefs on the merits of the Superior Court ruling, this Court concluded, *sua sponte*, that a preliminary question is presented here: Whether this Court has jurisdiction to hear an appeal by the State from a Superior Court order discharging a prisoner under a writ of habeas corpus. Despite

the views of the State and the amicus curiae, both of whom argue in support of jurisdiction, we are not persuaded that this Court has such jurisdiction. Accordingly, we do not reach the merits of the Superior Court ruling.[1]

■ Habeas corpus is an extraordinary remedy governed primarily by special statutes. 39 C.J.S. *Habeas Corpus* § 4, n. 42 (1976). Delaware's habeas corpus statute appears at 10 *Del.C.* § 6901 *et seq.* The Superior Court has exercised habeas corpus jurisdiction by virtue of predecessor statutes at least since 1852. *In re Dean*, Del.Supr., 251 A.2d 347 (1969). Unlike Congress[2] and the legislatures of some other states, Delaware's General Assembly has not expressly granted a right of appeal from discharges by habeas corpus. In addition, although not all authorities agree, no such right was generally afforded at common law. *In re Fitts*, 124 Vt. 146, 197 A.2d 808, 811 (1964); 39 Am.Jur.2d *Habeas Corpus*, §§ 168–170 (1968); 39A C.J.S. *Habeas Corpus* § 239 (1976).

A state right to appeal habeas corpus discharges is, to a degree, inconsistent with the evident purposes of Delaware's habeas corpus statute. 10 *Del.C.* § 6906(a) requires the court or judge to whom an application for habeas corpus is made to award and issue the writ "without delay, under penalty of $1,000 to the party aggrieved." § 6906(b) allows service of the writ "by anyone who will do the service." § 6906(a) requires production of the body "without delay and within 3 days" of service of the writ. § 6908 specifies that upon return of the writ, examination into the cause of incarceration must proceed "without delay." These repeated legislative admonitions to prevent delay "indicate a legislative intent for a speedy and final disposition of such cases," and "indicate that habeas corpus proceedings were intended by the legislature to be a quick and summary

procedure for relief from illegal imprisonment unimpeded by appeal and review by the State." *In re Fitts*, 197 A.2d at 810.

An asserted state right to appeal habeas corpus discharges also raises the issue of mootness. Because the State does not contend that its attempted appeal acts to stay the Superior Court's order of discharge, the inquiry naturally follows whether there continues to exist, after Alexander's discharge, a justiciable cause or controversy in what remains of the habeas corpus proceedings.

■ The nature of the writ of habeas corpus in Delaware strongly suggests that once the person for whose benefit the writ has issued is no longer in custody the proceedings are at an end. The fundamental purpose of the writ is to benefit prisoners, not the State or prisoners and the State equally. *In re Dean*, 251 A.2d at 349; 39 C.J.S. *Habeas Corpus* § 2 (1976); 39 Am. Jur.2d *Habeas Corpus* § 1, nn. 5–14 (1968). The Delaware General Assembly has not enlarged the writ so as to alter its purpose or the direction of its benefits here. In Delaware, therefore, only the legality of current deprivations of liberty are controvertible in habeas corpus proceedings. Since this appeal no longer involves a person currently deprived of liberty, it no longer involves a controversy judicially resolvable in a habeas corpus context. It would thus appear to have become moot. *State v. Mancari*, 43 Del.Ch. 226, 223 A.2d 81, 82–83 (1966); *Sannini v. Casscells*, Del.Supr., 401 A.2d 927, 929–930 (1979).

■ Examination of the remedies which the Attorney General may pursue here on behalf of the Family Court also establishes that this appeal no longer involves a controversy justiciable in habeas corpus proceedings. The only remedy the Family Court may seek, short of an academic ruling, is Alexander's reincarceration. This

---

1. Although our decision permits the Superior Court ruling to stand, we expressly refrain from approving either the rationale or the result reached below. We take this unusual step because we note, and are sympathetic to, the need of the Family Court to maintain order and control in the emotion-charged proceedings before

it. We also recognize the limited ability of that court to secure a simultaneous record of all aspects of its proceedings because of the lack of court reporters.

2. *See* 28 U.S.C. § 2253.

sole remedy is statutorily defined. 10 *Del.C.* § 6917 provides the exclusive methods by which a prisoner discharged by habeas corpus may be reincarcerated for the same cause.[3] None of the methods listed in § 6917 may be exercised by direction of this Court unless further proceedings are commenced at the trial level. Thus, no statutory basis for appellate jurisdiction presently exists here.

■ The State's principal argument that this Court has jurisdiction over this attempted appeal, an argument also advanced by the amicus curiae, centers on Article IV § 11(1)(a) of the Delaware constitution, and this Court's construction of that provision in *In re Dean*, 251 A.2d at 347.

Article IV § 11(1)(a) empowers this Court "To receive appeals from the Superior Court in civil causes and to determine finally all matters of appeal in the interlocutory or final judgments and other proceedings of said Superior Court in civil causes." In *In re Dean*, we construed that language to confer jurisdiction on this Court over a prisoner's appeal from the denial by the Superior Court of his petition for a writ of habeas corpus, because that appeal was from a judgment in a civil proceeding in the Superior Court. 251 A.2d at 349. The State and amicus curiae contend that the same result must obtain here because the State's attempted appeal here is also an appeal from a judgment in a civil proceeding in the Superior Court. We disagree. This Court's construction of Article IV, § 11(1)(a) in *In re Dean* does not control here. *In re Dean* involved a litigant currently deprived of liberty who sought further review in this Court of the Superior Court's refusal to release him from custody, under a writ of habeas corpus, after arrest under an extradition warrant. This case involves no such current deprivation of liberty.

Article IV, § 11(1)(a) of the Delaware constitution serves to confer jurisdiction only where the subject of the appeal is a "cause," *i.e.* a continuing justiciable controversy. It does not require this Court to decide cases which have become moot, or to render advisory opinions. *See State v. Mancari*, 223 A.2d at 82–83. This Court can grant the Family Court no remedy here even if we conclude there was error below. *See State v. Mancari*, 223 A.2d at 83; *State ex. rel. Traub v. Brown*, 39 Del. 187, 197 A. 478, 479 (1938). The State's desire to obtain a decision by this Court on the correctness of the ruling below is not a substitute for a continuing controversy.

■ The appellate jurisdiction of this Court must be statutorily or constitutionally conferred. *McCoy v. State*, 59 Del. 238, 217 A.2d 496, 497 (1966). Absent such authority, review will be denied despite the presence of an important legal question. *Shoemaker v. State*, Del.Supr., 375 A.2d 431, 436 (1977). Accordingly, this appeal must be DISMISSED.

**3.** § 6917 provides:

No person who has been discharged on a habeas corpus shall be again imprisoned or restrained for the same cause, unless he is indicted therefor, or convicted thereof, or committed for want of bail by some court having jurisdiction of the cause; or unless, after a discharge for defect of proof, or for some material defect in the commitment in a criminal case, he is again arrested on sufficient proof, and committed by legal process for the same offense.