**In the Matter of the Petition of Justice of the Peace Mabel PITT; Howard Young, Warden, Multi–Purpose Criminal Justice Facility; and the State of Delaware for a Writ of Prohibition.**

Supreme Court of Delaware.

Submitted: April 25, 1988.
Order Issued: April 25, 1988.
Opinion Issued: May 6, 1988.

Richard E. Fairbanks, Jr. (argued), Chief of Appeals Div., and Loren C. Meyers, Deputy Atty. Gen., Dept. of Justice, Wilmington, for the State.

Thomas Alexander, Jr., pro se.

Before CHRISTIE, C.J., and WALSH and HOLLAND, JJ.

WALSH, Justice:

The State of Delaware, acting on behalf of Mabel Pitt, Justice of the Peace, and Howard Young, Warden of the Multi–Purpose Criminal Justice Facility, seeks a writ of prohibition to require the Honorable John E. Babiarz, Jr., Associate Judge of the Superior Court of Delaware, to vacate an order entered on April 21, 1988, releasing on bail Thomas Alexander, Jr., ("Alexander"), then serving a sentence for contempt of court. After expedited argument on the State's petition, we conclude that while the Superior Court is required to grant prompt review of contempt adjudications under a writ of habeas corpus it lacks authority to release the sentenced prisoner on bail pending that review.

On April 20, 1988, Alexander had been summarily held in contempt of court for disruptive behavior, pursuant to 11 *Del.C.* § 1271(1), by Magistrate Pitt and was sentenced to ten days imprisonment. On that same date, Alexander filed a petition in the Superior Court for a writ of habeas corpus pursuant to 10 *Del.C.* § 6903, which permits a summary review in the Superior Court of adjudications of contempt in a lower court. At the return of the writ on April 21, 1988, Alexander sought a continuance of the proceeding and his release on bail in order to secure counsel and prepare his defense. Over the objection of the State, the Superior Court granted the request for a continuance, released Alexander on unsecured bail and set a hearing on

the habeas corpus petition for May 20, 1988.

Although the State seeks a writ of prohibition, we conclude that there is no basis for the issuance of that extraordinary writ because the jurisdiction of the Superior Court has not properly been called into question. *Hodsdon v. Superior Court,* Del.Supr., 239 A.2d 222, 224-225 (1968); *Matushefske v. Herlihy,* Del.Supr., 214 A.2d 883, 885 (1965). However, in view of the unavailability of a right of appeal by the State from a final order of the Superior Court in a habeas corpus proceeding, *Family Court v. Alexander,* Del.Supr., 522 A.2d 1265 (1987), and in the absence of any other mechanism for review, we will consider the State's petition as one for mandamus. A writ of mandamus may issue from an appellate court not only to compel the performance of a required statutory duty but to confine a lower court to the lawful exercise of its prescribed jurisdiction. *Cf. Roche v. Evaporated Milk Ass'n.,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). We conclude, therefore, that we have jurisdiction to review the authority of the Superior Court to grant bail in this case pending a continuance.

There appear to be two separate concepts at stake: first, Alexander's right to a review of the contempt finding; and second, his claim to the right of release pending that review. This Court has held that there is no absolute right to bail in a post-conviction setting. *State v. Flowers,* Del. Supr., 330 A.2d 146 (1974). Therefore, Alexander's right to bail, if any, following his conviction must be conferred by statute. This Court has recognized recently that habeas corpus is an extraordinary writ governed by special statutes. *Family Court v. Alexander,* 522 A.2d 1265 (1987). Delaware's habeas corpus statute appears at 10 *Del.C.* § 6901 *et seq.*

The Superior Court has habeas corpus jurisdiction which it has exercised pursuant to a series of statutes since at least 1852. *In re Dean,* Del.Supr., 251 A.2d 347 (1969). Habeas corpus is intended as a quick and summary procedure for relief from illegal imprisonment. *Family*

*Court v. Alexander,* 522 A.2d at 1267. The habeas corpus statute provides that upon return of the writ, examination into the cause of incarceration must proceed without delay. 10 *Del.C.* § 6908. Section 6908 provides specifically that if the examination is adjourned due to necessity, the prisoner remains detained. Statutory authority for the grant of bail incident to a habeas corpus proceeding is limited to situations in which the person detained is in a pre-indictment or pre-trial status (§§ 6910–6912) and then only upon the determination by the Superior Court that he is unlawfully detained. Therefore, when the Superior Court released Alexander on bail following his conviction for contempt, pending the examination of the cause of imprisonment, it did so without statutory authority and thereby exceeded its jurisdiction. Accordingly, the writ of mandamus will issue to require revocation of the Superior Court's order releasing Alexander on bail.

However, two questions remain to be answered in these proceedings. The first is the Superior Court's authority to delay the proceedings while Alexander remains incarcerated. The second is the nature of the hearing which must be held.

This Court has noted that 10 *Del.C.* § 6906(a) requires the court or judge to whom an application for a writ of habeas corpus is made to award and issue the writ without delay under penalty of $1,000 to the party aggrieved. *Family Court v. Alexander,* 522 A.2d at 1267. That same statute requires production of the body "without delay" and within three days of service of the writ. Upon return of the writ, the examination into the cause of the incarceration must proceed without delay. Since the prisoner remains incarcerated during any adjournment of the examination we hold that the term "without delay" must be construed to mean immediately or forthwith upon presentation of the prisoner before the Superior Court.

In this case the State was prepared to proceed immediately when Alexander was brought before the Superior Court. Should the State not be prepared to pro-

ceed at the time set for the examination of the cause of the prisoner's commitment, the Superior Court is nonetheless required to proceed with "its examination." In the event the State is unable to demonstrate the basis for the commitment, the petitioner is entitled to be discharged. However, in this case Alexander, not the State, requested a continuance for the purpose of retaining a private attorney. This request may have been influenced by the fact that Alexander anticipated that he would be released on bail. The Superior Court has authority to grant a request for a continuance or an adjournment made by the petitioner. However, the petitioner remains detained during the adjournment of any hearing and during any continuance granted at his request. 10 *Del.C.* § 6908.

The final question before this Court involves the nature of the examination which should be conducted by the Superior Court. Historically, a hearing on a petition for a writ of habeas corpus has been limited to an inquiry into the jurisdiction of the court ordering the commitment. The establishment of a commitment valid on its face will ordinarily cause dismissal of the petition and the remand of the prisoner to custody. *Curran v. Woolley*, Del.Supr., 104 A.2d 771 (1954). However, the *Curran* Court also held that there must be an adequate procedure to give a person deprived of his freedom the opportunity to have the intrinsic fairness of the criminal process under which he is committed examined into, even though it appears proper and regular on its face. *Id.* at 774.

The writ of habeas corpus is known as the Great Writ. *Fay v. Noia*, 372 U.S. 391, 399, 83 S.Ct. 822, 827, 9 L.Ed.2d 837 (1963). By providing a prisoner with a means of challenging an allegedly unlawful detention, it ensures that the government will be accountable for any denial of personal liberty. *Id.* The habeas corpus petition, in the context of this case, is the sole method available to obtain review of an otherwise final judgment.

The Delaware statute sets forth special habeas corpus procedures when a person is committed to jail for contempt by a justice of the peace. 10 *Del.C.* § 6903. That statute provides for notice of the hearing in the Superior Court to be given to the committing magistrate. The prisoner is also permitted to deny the alleged contempt under oath i.e. by testifying. After the hearing in the Superior Court, the judge may remand the prisoner to custody or discharge the prisoner. 10 *Del.C.* § 6903(b). That statutory procedure must be followed in this case and the Superior Court must examine the intrinsic fairness of the criminal process under which Alexander has been incarcerated, even though it may appear regular and proper on its face. *Curran v. Woolley*, 104 A.2d at 774.

The State's petition for relief in the form of a writ of mandamus is GRANTED and the matter is REMANDED to the Superior Court which is directed to:

(a) Revoke its prior order setting bail and releasing Alexander; and

(b) Promptly hold the examination required by 10 *Del.C.* § 6908 in accordance with the procedures set forth in 10 *Del. C.* § 6903 and as otherwise required for the purpose of determining the intrinsic fairness of Alexander's commitment.

The mandate in this matter shall issue forthwith.