IN THE SUPREME COURT OF THE STATE OF DELAWARE

LEONTAY T. SMITH, §
§ No. 80, 2016
    Petitioner Below, §
    Appellant, § Court Below—Superior Court
§ of the State of Delaware
    v. §
§ C.A. No. S16M-01-009
REBECCA McBRIDE, Central §
Offender Records, STACEY §
HOLLIS, Classification Officer, §
§
    Respondents Below, §
    Appellees. §

Submitted: May 23, 2016
Decided: August 4, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 4th day of August 2016, having considered the opening brief filed by the petitioner/appellant, Leontay T. Smith, the motion to affirm filed by the respondents/appellees, employees of the Delaware Department of Correction, and the Superior Court record, it appears to the Court that:

(1) In 2013, Leontay Smith pled guilty to a number of offenses, including four counts of Burglary in the Second Degree. For the burglary convictions, Smith was sentenced to a total of thirty-two years at Level V incarceration—an eight-year term for each conviction—suspended after a total of eleven years and successful completion of the Level V Key Program, for one year at the Level IV Residential

Substance Abuse Treatment ("RSAT") Program.[1] Upon successful completion of the RSAT Program, Smith will begin serving probation.

(2)     On January 8, 2016, Smith filed a petition seeking the issuance of a writ of mandamus to the Department of Correction ("DOC").  Smith complained that there was a discrepancy between the Superior Court's sentencing order and the DOC's "Offender Status Sheet."[2]  In the sentencing order, the Superior Court associated the Key Program with the term imposed for the second burglary conviction, but on the status sheet, the DOC rearranged the order of the terms to reflect that Smith will not be placed in the Key Program until he nears the end of his Level V incarceration.  Smith contends that he is entitled to serve the terms of incarceration in the order in which they appear in the sentencing order and thus is entitled to be placed in the Key Program after his third year of incarceration.

(3)     By order dated February 3, 2016, the Superior Court dismissed the mandamus petition as factually and legally frivolous.[3]  When concluding that the DOC is "running the sentences correctly," the court explained that Smith will not be placed in the Key Program until he has approximately thirty months remaining

---

[1] For the other counts, the Superior Court imposed terms of Level V incarceration suspended immediately for probation.

[2] An Offender Status Sheet catalogs "[a]n offender's legal status while incarcerated including but not limited to, committed charges, length of stay, application of good time if applicable, release date and conditions."  *See* Dep't of Corr., Policy Manual, Policy Number 3.13, *available at* http://doc.delaware.gov/downloads/policies/policy_3-13.pdf.

[3] *Smith v. McBride*, 2016 WL 613839 (Del. Super. Feb. 3, 2016).

on his Level V time.[4]  Smith claims on appeal that the dismissal of his mandamus petition in effect allows the DOC to change the sentence imposed by the Superior Court and usurp the court's authority.

(4)    When the Superior Court imposes a sentence consisting of Level V time with decreasing levels of supervision, each component of the sentence is integral to the court's overall sentencing plan.[5]  Whenever possible, effect should be given to the court's intent.[6]  Here, the Superior Court ordered, and the Offender Status Sheet reflects, that Smith is required to serve eleven years at Level V and successfully complete the Level V Key Program.  Upon successful completion of the Key Program, Smith is to be transferred to the Level IV RSAT Program and, upon successful completion of the RSAT Program, he is to be transferred to probation.  The Offender Status Sheet accurately reflects the sentence imposed by the Superior Court.

(5)    The Superior Court may issue a writ of mandamus to the DOC to compel the performance of a duty if the petitioner can show (i) a clear right to the performance of a duty; (ii) an arbitrary refusal to perform the duty, and (iii) that no other adequate remedy is available.[7]  In this case, for the reasons stated by the

---

[4] *Id.*, at *2.
[5] *Jay T. Smith v. State*, 2007 WL 1599988 (Del. June 5, 2007) (citing *Defoe v. State*, 750 A.2d 1200, 1202 (Del. 2000); *Faircloth v. State*, 522 A.2d 1267, 1273 (Del. 1987)).
[6] *Id.*
[7] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

Superior Court in its order dated February 3, 2016, Smith did not show that he is entitled to the relief requested in his mandamus petition.[8] The Court concludes that the petition was properly dismissed.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[8] *Supra* note 3.