# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. Nos. 1906017002 |
| | ) | & 1906016532 |
| JUSTIN M. TOPOLSKI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: July 14, 2023
Decided: July 28, 2023

## MEMORANDUM OPINION AND ORDER

*Upon Defendant's Motion for a Writ of Habeas Corpus*
**GRANTED IN PART AND DENIED IN PART**

Stephen Welch, Jr., Deputy Attorney General, Department of Justice, Dover, Delaware, *Attorney for the State.*

John R. Garey, Esquire, John R. Garey, PA, Dover, Delaware, *Attorney for Defendant.*

**Primos, J**.

Before the Court is a motion for a writ of habeas corpus filed by Defendant Justin M. Topolski (hereinafter "Mr. Topolski") on September 27, 2022. At the time of filing, Mr. Topolski was held in default of a cash bond and committed to the Delaware Psychiatric Center (the "DPC") for efforts to restore his competency to stand trial. After a series of reports from the DPC indicated that Mr. Topolski was highly unlikely ever to become competent to stand trial, the Court held, in an opinion issued June 28, 2023, that Mr. Topolski's continued pre-trial confinement violated his right to equal protection under the law by confining him indefinitely, on the basis of potential dangerousness and mental illness, without affording the procedural protections and burden-of-proof benefits provided in civil commitment proceedings. The Court requested and received expedited supplemental briefing on how to implement its decision and grant appropriate relief. After reviewing the briefing, the Court issued an order on July 17, 2023, converting Mr. Topolski's bond from cash to an unsecured amount, with the understanding that the DPC intended to initiate civil commitment proceedings.[1] This is the Court's written decision addressing each request for relief raised in the supplemental briefing.

For the reasons below, Mr. Topolski's motion for an order discharging him from criminal custody is **GRANTED**,[2] effective via the Court's prior bond modification order. Mr. Topolski's motion for a prospective order prohibiting

---

[1] As explained *infra*, those civil commitment proceedings have been delayed by Mr. Topolski's extradition to New Jersey on unrelated criminal charges.

[2] The Court uses the term "criminal custody" to refer to any confinement directly resulting from the pendency of criminal charges in Delaware in the above-captioned criminal actions.

rearrest, reindictment, or recommitment is **DENIED WITHOUT PREJUDICE**. Finally, his motion for dismissal of the pending charges against him is **DENIED**.

## PROCEDURAL BACKGROUND[3]

On September 27, 2022, Mr. Topolski filed a motion for a writ of habeas corpus seeking release from custody as well as a motion to dismiss the charges against him on speedy trial grounds.[4] On February 7, 2023, the Court issued a decision concluding that there was not a substantial probability that Mr. Topolski would be restored to competency in the foreseeable future.[5] The Court denied without prejudice the motion to dismiss on speedy trial grounds and deferred decision on the petition for habeas relief pending supplemental briefing on the constitutional issues presented by Mr. Topolski's continued, and potentially indefinite, pre-trial confinement.[6]

On June 28, 2023, the Court issued a Corrected Opinion (hereinafter the "Opinion") on Mr. Topolski's petition for habeas corpus. Applying *Jackson v. Indiana*,[7] the Court held that continued commitment under the statutes governing incompetent criminal defendants, 11 *Del. C.* §§ 403(b) and 404(a), was unconstitutional in light of Mr. Topolski's dim prognosis for competency restoration.[8] Specifically, the Court concluded that his continued confinement, while authorized by Delaware statute, was unconstitutional on equal protection grounds because it denied him "the procedural protections, and burden-of-proof benefits, of a civil commitment proceeding."[9]

---

[3] For a more detailed summary of the factual and procedural history of this case, the Court refers to its two prior opinions. *See infra* notes 5 and 8.

[4] Although technically a civil action, the motion for a writ of habeas corpus was filed in the criminal docket alongside the motion to dismiss the criminal case on speedy trial grounds.

[5] *State v. Topolski*, 2023 WL 1816351, at *9 (Del. Super. Feb. 7, 2023).

[6] *Id.* at *12.

[7] 406 U.S. 715 (1972).

[8] *State v. Topolski*, 2023 WL 4247356, at *1, *18 (Del. Super. June 28, 2023).

[9] *Id.* at *1.

3

The Court requested expedited supplemental briefing on how to remedy the constitutional violation and implement Mr. Topolski's release from criminal custody.[10] In his supplemental brief dated July 6, 2023, Mr. Topolski requested 1) an order for his immediate discharge or release; 2) an order forbidding the State from rearresting, reindicting, or otherwise taking him back into custody for the underlying criminal charges; and 3) dismissal of the criminal charges against him.[11] The State's supplemental brief, dated July 7, 2023, explained that any release in connection with Mr. Topolski's criminal case—resulting from either 1) dismissal of the charges by the Court, 2) modification of bond to an unsecured amount, or 3) a *nolle prosequi* of the charges by the State—would be followed by the initiation of civil commitment proceedings by the DPC.[12] The State favored the second option, a bond modification, and also raised the possibility that the Court could impose "a bond condition that Mr. Topolski agree to treat voluntarily" at the DPC.[13]

Mr. Topolski filed a response on July 13, 2023, again urging dismissal of the charges by the Court.[14] He argued that dismissal would "give the case finality" and "free Mr. Topolski from his unconstitutional detention."[15] He opposed the bond modification option, arguing that it would leave the case "in limbo" and, in effect, leave Mr. Topolski's status unchanged if he ended up civilly committed at the DPC with charges pending against him.[16] In its response dated July 14, 2023, the State argued that the bond modification option was consistent with Mr. Topolski's request

---

[10] *Id.* at *18.
[11] Def.'s Suppl. Br. (July 6, 2023).
[12] State's Suppl. Br. (July 7, 2023).
[13] *Id.* at 2.
[14] Def.'s Reply Br. (July 13, 2023).
[15] *Id.* at 2.
[16] *Id.*

for an order discharging him from criminal custody and that the additional requests for relief went beyond the necessary scope of the Court's previous ruling.[17]

On July 17, 2023, the Court issued an order converting Mr. Topolski's bond from cash to an unsecured amount.[18] The Court declined to impose a bond condition that Mr. Topolski treat voluntarily with the DPC, reasoning that the equal protection violation would be cured only if Mr. Topolski was afforded the procedural protections of the civil commitment process.

In an unexpected turn of events, the bond modification order resulted in Mr. Topolski's extradition to New Jersey on unrelated criminal charges pending there. But for the criminal action pending in New Jersey, the effect of the Court's July 17, 2023, order would have been Mr. Topolski's release from Department of Correction custody and the initiation of civil commitment proceedings by the DPC. In a letter dated July 25, 2023, the State represented its intention to ensure that the civil commitment process goes forward in Delaware if and when Mr. Topolski is released in New Jersey. His continued confinement would then depend on whether the State demonstrated, by clear and convincing evidence, the criteria for involuntary civil commitment enumerated in 16 *Del. C.* § 5011.

## DISCUSSION

In light of the Court's holding in its previous Opinion dated June 28, 2023, Mr. Topolski can no longer be held on criminal charges, and the State must choose between civil commitment and release. The Court modified Mr. Topolski's bond to an unsecured amount so that the State was free to exercise that choice. The Court concludes that further relief is not necessary at this time. First, the bond modification order was, in effect, an order discharging Mr. Topolski from criminal custody.

---

[17] State's Reply Br. (July 14, 2023).
[18] Order (July 17, 2023). The Order is docket entry 83 in Case ID No. 1906017002 and docket entry 81 in Case ID No. 1906016532.

5

Second, no prospective order is necessary because there is no threat that the State will violate the terms of the bond modification order or the habeas statute by rearresting Mr. Topolski. Finally, dismissal of the charges would not have any immediate effect on Mr. Topolski's confinement and is not necessary to correct the error forming the basis for habeas relief. Accordingly, the Court concludes that dismissal is unnecessary without reaching the question of whether such relief is within the Court's habeas power.

## I.     Discharge or Release

The Delaware habeas corpus statute provides that "[i]f no legal cause be shown for the imprisonment or restraint, the court or judge shall discharge the party therefrom."[19] Moreover, any order entered upon a petition for a writ of habeas corpus "discharging the prisoner from custody *or otherwise granting relief* to the prisoner" is appealable by the State,[20] implying that the Court has some discretion in how to craft its relief order.

In its prior Opinion, the Court held that there was no legal basis for Mr. Topolski's confinement at that time because further commitment pursuant to 11 *Del. C.* §§ 403(b) and 404(a) denied him equal protection under the law.[21] Relatedly, the Court held that the release hearing provided to insanity acquittees pursuant to 11 *Del. C.* § 403(b) was not adequate to test the legality of his continued confinement.[22] Among other differences from the civil commitment process, the Court concluded that both the text of Section 403(b) and case law construing it compelled the conclusion that Mr. Topolski would be required to prove his own non-dangerousness

---

[19] 10 *Del. C.* § 6909(a); *see also Mitchell v. Grubb*, 1994 WL 466208, at *1 (Del. Super. Aug. 12, 1994) ("If no legal cause be shown for the imprisonment, the Court is required to discharge the Petitioner pursuant to 10 *Del.C.* § 6909(b) [sic].").
[20] 10 *Del. C.* § 6909(a) (emphasis supplied).
[21] *Topolski*, 2023 WL 4247356, at *1, *18.
[22] *Id.* at *18.

by a preponderance of the evidence in order to secure release.[23]  Accordingly, despite the unambiguous statutory authorization to hold him until the Court "is satisfied that the public safety will not be endangered" by his release,[24] the effect of the Court's holding was to find no legal cause for Mr. Topolski's present confinement.  In other words, 11 *Del. C.* § 403(b) could not supply a legal basis for Mr. Topolski's continued confinement, and the constitutional violation could be cured by either civil commitment or release.[25]

At this time, the Court has already issued an order modifying Mr. Topolski's bond to an unsecured amount.  That order effectively discharged him from the custody of the Department of Correction, and—insofar as his custody was based on the underlying criminal charges—from the DPC as well.  In other words, the order discharged Mr. Topolski from criminal custody pursuant to 10 *Del. C.* § 6909(a), while leaving the DPC with the discretion to pursue civil commitment.  The Court does not doubt, and Mr. Topolski has never disputed, that an involuntary civil commitment proceeding would supply a valid legal cause for future confinement at the DPC, albeit on the "civil side" of that institution.  The Court thus declines to enter an unconditional order discharging him from DPC custody.  Since Mr. Topolski's discharge from criminal custody was achieved through the Court's prior bail modification order, the petition for an order discharging him from custody is, and in effect already has been, **GRANTED**.

## II.    Order Forbidding Rearrest, Reindictment, or Recommitment

10 *Del. C.* § 6917 provides, as relevant here, that "[n]o person who has been discharged on a habeas corpus shall be again imprisoned or restrained for the same

---

[23] *Id.* at \*4, \*17–18.

[24] *Id.* at \*1 (quoting 11 *Del. C.* § 403(b)).

[25] *See State v. Goldsberry*, 2000 WL 710090, at \*3 (Del. Super. Apr. 26, 2000) ("The day may come, however, when the State will have to choose between a civil commitment or release.").

cause, unless the person is indicted therefor, or convicted thereof, or committed for want of bail by some court having jurisdiction of the cause." The State has represented that it has no intention of violating the terms of the statute, which it understands to "prevent[] rearrest unless there is a conviction or a bail increase by a court having jurisdiction over the case."[26] Here, a conviction is highly unlikely in the foreseeable future, given Mr. Topolski's dim prospect of competency restoration, and reindictment is not a possibility at this time because the original indictment still stands. Finally, the Court does not intend to modify Mr. Topolski's bond and thus resume his confinement on criminal charges. Rather, his continued confinement in Delaware is entirely contingent on the outcome of involuntary civil commitment and release proceedings. In the absence of any imminent threat of rearrest or recommitment on the underlying criminal charges, the Court finds a request for an order barring those actions unripe at this time.[27] Accordingly, Mr. Topolski's second request for relief is **DENIED WITHOUT PREJUDICE**.

## III. Dismissal of the Charges

Mr. Topolski's final request is for outright dismissal of the underlying charges.[28] In support of the Court's power to dismiss, he cites *Capps v. Sullivan*, a federal appellate court decision discussing the statutory authority of federal courts "to dispose of habeas corpus matters as 'law and justice require.'"[29] In *Capps*, the Tenth Circuit explained that this broad power is "necessary to protect the purpose of habeas corpus jurisdiction when the error forming the basis for the relief cannot be

---

[26] State's Reply Br. at 2.

[27] *Cf. Family Court v. Alexander*, 522 A.2d 1265, 1267 (Del. 1987) ("Since this appeal no longer involves a person currently deprived of liberty, it no longer involves a controversy judicially resolvable in a habeas corpus context.").

[28] The Court previously denied without prejudice Mr. Topolski's motion to dismiss on speedy trial grounds, and that motion has not been renewed. The Court considers here only whether it should dismiss the charges in order to remedy the equal protection violation identified in its previous Opinion.

[29] 13 F.3d 350, 352 (10th Cir. 1993) (quoting 28 U.S.C. § 2243).

corrected in further proceedings."[30] Accordingly, a federal court has discretion to bar re-trial when the constitutional violation is "such that it cannot be remedied by another trial, or other exceptional circumstances exist such that the holding of a new trial would be unjust."[31] Mr. Topolski argues that relief can no longer be provided in his criminal proceedings given "his (highly probable) irreparable incompetence."[32]

Setting aside the issue of whether this Court can exercise such broad remedial authority pursuant to 10 *Del. C.* § 6909(a), the Court concludes that the error forming the basis for habeas relief can be corrected in further proceedings—specifically, involuntary civil commitment proceedings. The Court's prior holding was that "continued detention under Sections 403 and 404, *without the procedural protections and mechanisms for release provided in the civil commitment process*," violated Mr. Topolski's equal protection rights.[33] Thus, while no proceedings pursuant to 11 *Del. C.* §§ 403(b) and 404(a) would be sufficient to correct the error, involuntary commitment proceedings pursuant to 16 *Del. C.* ch. 50 would correct the legal error and potentially justify further confinement.

Dismissal of the charges would have no effect one way or another on the validity of confinement via involuntary civil commitment. In light of the Court's prior bail modification order, it would also have no immediate impact on Mr. Topolski's confinement status. While the Court is sympathetic to Mr. Topolski's desire for a final resolution of the criminal case, the Court's prior Opinion dealt only with the constitutionality of his confinement, not with the continued pendency of the

---

[30] *Id.*

[31] *Id.* at 352–53.

[32] Def.'s Suppl. Br. at 3.

[33] *Topolski*, 2023 WL 4247356, at *7 (emphasis supplied); *see also id.* at *18 ("The only constitutionally adequate procedure to justify continued commitment currently authorized by statute in Delaware is an involuntary civil commitment pursuant to 16 *Del. C.* ch. 50.").

charges. Dismissal would go beyond the scope of relief necessary to remedy the equal protection violation. Accordingly, Mr. Topolski's request for dismissal of the charges is **DENIED**.[34]

### CONCLUSION

For the foregoing reasons, Mr. Topolski's request for release from criminal custody is **GRANTED**, and the Court's order modifying his bond to an unsecured amount will remain in place. Mr. Topolski's petition for an order forbidding rearrest and reindictment is unripe and therefore **DENIED WITHOUT PREJUDICE**. Finally, his request for dismissal of the charges is **DENIED**.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via Email*
oc: Prothonotary
cc: Counsel of Record

---

[34] The Court notes that in order to grant dismissal in this procedural posture, it would have to first construe the habeas statute to authorize dismissal of pending charges and be satisfied, at a minimum, that such dismissal would not constitute an abuse of discretion. *Cf. Capps*, 13 F.3d at 353 ("In this case, because nothing in the record suggests the constitutional violation was not redressable in a new trial, the district court apparently abused its discretion.").