Robert Lee ROCKER, Defendant Below,
Appellant,

v.

The STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

March 7, 1968.

Robert Lee Rocker pro se.*

Merrill C. Trader, Deputy Atty Gen., Dover, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

Robert L. Rocker, the appellant, was convicted after trial by a jury of one charge of burglary in the fourth degree, and in a separate trial by the court, without a jury, of two similar charges and of a charge of breaking and entering. Rocker filed motions for new trials or, in the alternative, for acquittal upon all of the charges. Those motions were denied. At this time Rocker had not as yet been sentenced.

Rocker thereupon filed in the Superior Court a petition for a writ of *habeas corpus* alleging a violation of his constitutional rights. The court ruled that his petition would be considered an application under Criminal Rule 35(a), Del.C.Ann., for correction of sentence; sentenced him on all charges, and denied the application for relief under Rule 35(a).

Rocker filed a paper in this court designated a petition for *habeas corpus,* over which this Court has no original jurisdiction. We directed that the paper be considered as a *praecipe* on appeal and thus brought the entire cause before us. We will consider all the matters complained of, even though they may not have been brought to our attention with legal preciseness.

Initially, Rocker complains that it was a violation of his constitutional rights for the Superior Court to have transformed his petition for *habeas corpus* to an application under Rule 35(a), particularly in advance of the imposition of sentence. We are of the contrary opinion.

In Curran v. Woolley, 9 Terry 382, 104 A.2d 771, we pointed out that in Delaware the writ of *habeas corpus* remains a common law writ and, as such, is not a writ by which errors in the conduct of a trial, although they be sufficient to obtain a reversal of the conviction, can be asserted to obtain the release of a prisoner. The prisoner's remedy, which we held sufficient to preserve his constitutional rights, is by application under Rule 35(a).

We held in *Curran* that the sole inquiry to be made upon a *habeas corpus* petition is whether or not the prisoner is committed by a court of competent jurisdiction pursuant to a judgment of conviction valid on its face. If such be the case, then the petition must be dismissed. In the case at bar, there is no invalidity in Rocker's sentence and commitment appearing on the face of the record. The Superior Court was therefore correct in treating his application as one under Rule 35(a). We accordingly have before us for review the denial of an application for relief under that rule.

---

* By letter addressed to the Court, Rocker stated he did not want counsel appointed, but desired to appear pro se.

■ Initially, Rocker contends that the Grand Jury which indicted him, and the Petit Jury which convicted him, were not impartial, and that, therefore, he was denied due process of law in violation of the 14th Amendment of the Federal Constitution.

The argument runs that since he, Rocker, is an atheist, it is a violation of his rights under the Federal 6th Amendment[1] to require prospective Grand and Petit Jurors to profess a belief in God and to be sworn before taking their places on the respective juries. He would have no objection if all jurors were required to affirm.

The difficulty with this contention is that there is no substantiation that an oath and a professed belief in God are required by Delaware law from prospective jurors. The only qualifications with respect to Grand and Petit Jurors are as follows: Article I, § 4 of the Constitution, Del.C. Ann., requires that a Grand Juror be a resident of the Representative District from which he is selected; 10 Del.C. § 4504 provides that all persons qualified to vote shall be liable for service as Jurors; 10 Del.C. § 4518 provides that at every term of Court Grand Jurors shall be severally sworn or affirmed to discharge their duties; and 10 Del.C. § 4519 directs that before being empaneled as a jury, the Petit Jurors shall be sworn or affirmed to try the cause.

It is thus seen that there is no requirement of law that prospective jurors be required to profess a belief in God. Furthermore, we have examined the printed questionnaire filled out by prospective jurors in order to determine qualifications. At no place does it require the statement of religious affiliation, let alone a profession of belief in the existence of God. Rocker's contention is completely devoid of any factual basis.

The case of Schowgurow v. State, 240 Md. 121, 213 A.2d 475, cited by Rocker, is entirely inapposite. In that case a Grand Jury was set aside as a violation of Federal Amendments 1 and 14 because of the requirement of Maryland's Bill of Rights, Article 36, that Grand and Petit Jurors must believe in the existence of God. There is no comparable requirement in Delaware law or practice.

■ Next, Rocker argues that his rights under the 1st Amendment[2] of the Federal Constitution were violated when he, an atheist, was required to be sworn before testifying in his own defense. Rocker made no objection at the time, and voluntarily permitted himself to be sworn, but we make no point, as does the State, that he has waived the objection. Cf. Henry v. State of Mississippi, 379 U.S. 443, 85 S. Ct. 564, 13 L.Ed.2d 408.

Witnesses in trials in the courts of this State are required by some solemn act to evidence an intention to speak the truth. Witnesses, by 10 Del.C. §§ 5321 and 5322, are permitted to swear either on the Bible or to swear by the "ever living God, the searcher of all hearts." Witnesses having conscientious scruples against taking an oath are permitted by 10 Del.C. § 5323 to declare and affirm. Finally, by 10 Del.C. § 5324, a believer in a religion other than that of the Christian may swear according to the peculiar ceremonies of his religion, if any.

Rocker, therefore, could have refused to swear, had he so wished, and have invoked his right "solemnly, sincerely and truly to declare and affirm that he would tell the truth."

To be sure, Rocker was not so advised and apparently may not have known of his right. But this does not mean that his conviction must be overturned. Assuming

---

1. 6th Amendment: "In all criminal prosecutions, the accused shall enjoy the right to * * * trial, by an impartial jury."

2. Freedom of Religion.

that his right to refuse to swear rises to Federal Constitutional heights, nevertheless its violation is not such as to have destroyed the intrinsic fairness of his trial.

We accordingly find no error in the cause and affirm the denial of relief under Criminal Rule 35(a). We suggest, however, to the trial courts that more attention be paid to 10 Del.C. §§ 5321–5324, by affirmatively asking witnesses the manner in which they desire to evidence an intention to speak the truth.

The judgment below is affirmed.