**John O. OLSON, Petitioner below, Appellant,**

v.

**Kurt ANSTREICHER, M.D., Respondent below, Appellee.**

Supreme Court of Delaware.

Aug. 22, 1974.

Rehearing Denied Nov. 1, 1974.

David T. Smith, Wilmington, for petitioner below, appellant.

Robert B. Walls, Jr., Wilmington, for respondent below, appellee.

Jack B. Jacobs, Wilmington, amicus curiae.

HERRMANN, C. J., DUFFY, J., and BROWN, Vice Chancellor, sitting.

PER CURIAM:

In this appeal plaintiff attacks, on due process and other constitutional grounds, his involuntary commitment to the Delaware State Hospital under 16 Del.C. § 5125.* The Superior Court denied a petition for habeas corpus, apparently because

* 16 Del.C. § 5125 provided in pertinent part: " * * * [N]o person shall be received as a patient for detention for an indeterminate period of time in the Delaware State Hospital, except as follows:

(1) A certificate shall be made and signed by at least 2 medical doctors licensed to practice medicine or surgery in the State that they have examined the person alleged to be suffering from mental illness. If reasonably possible, one of the medical doctors shall be a psychiatrist.

  *   *   *   *   *

(4) The certificate shall state that such person, in the opinion of the doctors, is mentally ill in that he has a psychiatric or other disease which substantially impairs his mental health, and because of his mental illness, either (i) he is likely to injure himself or others if allowed to remain at liberty, or (ii) he is in need of care or treatment in a mental hospital and lacks sufficient insight or capacity to make responsible application therefor. The certificate shall set forth a description of the behavior and *symptoms* which led them to their conclusion."

  *   *   *   *   *

a post-confinement hearing was available through a writ *de lunatico inquirendo* in the Court of Chancery (see Chancery Rule 100) and by habeas corpus in the Superior Court. 10 Del.C. § 6901. Compare Mills v. State, Del.Supr., 256 A.2d 752 (1969).

The parties have fully briefed the case which raises significant constitutional issues over the State's right to commit for an indefinite period without prior hearing and with judicial review only on demand. But we judicially notice that on July 29, 1974, the Governor approved House Bill No. 859, which repealed § 5125 and replaced it with an entirely new procedure applicable to each involuntary commitment of a mentally ill person. Thus the law now prohibits such commitment without a determination by the Superior Court as to mental illness and full compliance with specified procedures including complaint, notice, hearing, counsel and similar attributes commonly regarded as part of procedural due process.

Plaintiff was released from the Hospital on convalescent leave on October 18, 1973, recalled for treatment on July 15, 1974; and again released on convalescent leave on July 25, 1974 (his present status).

■ In Delaware habeas corpus is a writ designed to obtain the "speedy release of persons illegally deprived of their liberty," In re Dean, Del.Supr., 251 A.2d 347 (1969) and, in the view we take of the case, it does not lie under present circumstances. We say this because while there may be some technical restraint upon plaintiff, he is, in fact not "deprived of— [his] liberty" and the benefits of House Bill No. 859 are available to him if he is recalled by the Hospital from convalescent leave. In short, to effect any such recall of plaintiff, except under the provisions of 16 Del.C. §§ 5121–5123, the Hospital must comply with the new statute.

Affirmed.