**Jack MUMMERT, Patricia Mummert, and Folly Oak Service Center, Inc., Defendants Below, Appellants,**

v.

**William E. WIGGIN and Jane R. Wiggin, Plaintiffs Below, Appellees.**

Supreme Court of Delaware.

Submitted: Sept. 18, 1992.
Decided: Oct. 28, 1992.

Jonathan B. Taylor, Taylor & Gruver, P.A., Wilmington, for appellants.

Clark W. Furlow and Brett D. Fallon, Smith, Katzenstein & Furlow, Wilmington, for appellees.

Before HORSEY, MOORE and WALSH, JJ.

PER CURIAM.

The preliminary question we address is the finality for appellate purposes of an order of the Court of Chancery, denominated a "Final Order and Judgment" (the order), granting an injunction to the plaintiffs. The defendants have appealed, but no stay has been issued or a supersedeas bond posted. Among other rulings, the trial court specifically retained jurisdiction to enforce the terms of the injunction. In the absence of a stay, a court of equity retains inherent power to enforce its injunctions during the pendency of an appeal or at any other time. Thus, if the order was intended to be the final act in the case, the stated retention of jurisdiction for purposes of enforcement was superfluous and confusing. On this record we are unable to determine the Vice Chancellor's actual intent regarding finality of the order. We

therefore remand for further proceedings on that issue.[1]

By its "Final Order and Judgment" of July 19, 1992 (the order), the Court of Chancery granted plaintiffs' motion for summary judgment with respect to the use of defendant's property located at 1516 Philadelphia Pike (the subject property). Defendants' motion for summary judgment was denied. Accordingly, defendants were enjoined from certain use of the subject property for towing and storing vehicles not brought there for repair. Within 90 days from the date of the order defendants also were required to remove all vehicles from the property not being held there for repair.

Costs were assessed against the defendants, but the order further provided that:

> In the event of a dispute between the parties as to the allowance of specific items as costs, the plaintiffs shall submit a bill of disputed costs to the Court and the defendants shall pay such costs to the plaintiffs within ten days of their allowance by the Court.

The order also provided that the Court of Chancery would "retain jurisdiction to enforce [its] terms".

 Defendants have taken a direct appeal to this Court, but have not posted a bond or sought a stay of the order. Although the order is denominated a final judgment, that is not dispositive of its finality for purposes of appeal. *Gaffin v. Teledyne, Inc.*, 602 A.2d 1081 (Aug. 23, 1991) (ORDER). As a result of the provisions of the order respecting costs and retention of jurisdiction, the Court issued a rule to show cause to the defendants why this appeal should not be dismissed as interlocutory. After considering defendants' response, and on the basis of the present record, it still is not possible for this Court to determine whether the Court of Chancery has clearly declared its intention that the order be its final act in the case. That is a prerequisite to its appealability as a final judgment without recourse to Supreme Court Rule 42 respecting interlocutory appeals. *J.I. Kislak Mortgage Corporation of Delaware v. William Matthews Builders, Inc.*, Del.Supr., 303 A.2d 648, 650 (1973); *Stroud v. Milliken Enterprises, Inc.*, Del.Supr., 552 A.2d 476, 481–82 (1989).

In the absence of a stay a court of equity retains inherent power to enforce its injunctions at all times, even during the course of an appeal. *Farmhand, Inc. v. Anel Engineering Industries, Inc.*, 693 F.2d 1140, 1145–46 (5th Cir.1982); *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir.1983); *S.E.C. v. Diversified Growth Corp.*, 595 F.Supp. 1159, 1170 (D.D.C.1984). Thus, if it was the trial court's actual intention that the order be its final act in the case, the retention of jurisdiction to enforce the injunction was superfluous and confusing.

Under the circumstances, the matter must be remanded to the Court of Chancery for the purpose of having it clarify the July 19, 1992 order respecting its finality under *Kislak* and *Stroud*. If nothing in fact and law remains but enforcement of the order, then the Court of Chancery should clearly so state in an amended order of final judgment, and delete any confusing and unnecessary provisions respecting retention of jurisdiction for collateral purposes.

Accordingly, the matter is REMANDED to the Court of Chancery pursuant to the specific terms of Supreme Court Rule 19(c) for the purposes set out above.

---

1. The actual remand occurred pursuant to this Court's order of October 28, 1992. Since the preliminary question addressed in that order may be of a recurring nature in the Court of Chancery, we issue this *per curiam* opinion for the future guidance of the bench and bar.