James NEWMAN, Petitioner
Below, Appellant,

v.

DCSE/Eva DURKIN, Respondent
Below, Appellee.

Nos. 393, 1995, 394, 1995.

Supreme Court of Delaware.

Submitted: Dec. 7, 1995.
Decided: Dec. 20, 1995.

James Newman, pro se.

Peter S. Feliceangeli, Brenda L. Sammons and Linda Lasocha Wilson, Deputy Attorneys General, Department of Justice, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, JJ., constituting the Court en banc.

PER CURIAM:

These consolidated appeals arise from two separate petitions for writs of habeas corpus—one filed in the Superior Court and the other in the Family Court. Each seeks to

test the legality of the incarceration of the appellant, James L. Newman, who is currently imprisoned for civil contempt upon order of the Family Court. Newman, appearing *pro se*, contends he is entitled to pursue a writ of habeas corpus in the Superior Court to test the legality of his incarceration by the Family Court. The State, appearing on behalf of the Division of Child Support Enforcement, which initiated the contempt proceeding in the Family Court to enforce payment of arrears in child support, argues that Newman is serving a sentence for civil contempt properly imposed by the Family Court for flagrant failure to pay an admitted obligation and thus is not improperly detained. The State concedes that the Superior Court has exclusive original jurisdiction to hear Newman's application for writ of habeas corpus but contends that the Superior Court's order of referral was interlocutory and thus not appealable without compliance with Supreme Court Rule 42.

I

On March 21, 1995, Newman was determined by the Family Court to owe arrearage on a child support order in excess of $12,000. He was ordered to be detained until such time as he paid $3,000 on the arrears. The Family Court indicated in its order that it would review the commitment "in approximately three (3) months." Newman filed a timely appeal with this Court, *James Newman v. DCSE/Eva Durkin*, No. 172, 1995, and that appeal is pending. On July 7, 1995, the Family Court refused to stay the jail sentence without payment of a security bond.

On September 21, 1995, Newman petitioned for a writ of habeas corpus in the Superior Court. In his petition, Newman claimed that he had been incarcerated for more than 185 days without review of his commitment by the Family Court and further alleged that he was being detained "for his inability to pay a debt." On September 22, the Superior Court "referred" the petition to the Family Court, under the authority of 10 *Del.C.* § 6901 because "the underlying case is one clearly falling within the jurisdiction" of the Family Court. Newman then filed a second petition for habeas corpus

directly with the Family Court. This petition and the petition "referred" from the Superior Court were consolidated and heard by the same Judge who had imposed the sentence for contempt. The Family Court judge declined to consider the petitions because he viewed the pending appeal to this Court as "divesting the Family Court of jurisdiction" and precluding modification of a "decision in a case that is no longer before it." Newman has appealed from the Superior Court order transferring his petition for habeas corpus (No. 393, 1995) and from the Family Court's decision refusing habeas corpus relief in that Court (No. 394, 1995).

Although this matter has become procedurally ensnarled through Newman's use of multiple writs of habeas corpus to attack the length of the contempt sentence while pursuing an appeal on the merits of the contempt finding, it is manifest that the safeguards available to an incarcerated person which are an integral part of the writ of habeas corpus have not been observed in this case. 10 *Del.C.* § 6903(a) provides that a "person committed by ... the Family Court for the State ... shall be entitled to a writ of habeas corpus in the Superior Court." The writ of habeas corpus affords "a means of challenging an allegedly unlawful detention." *Petition of Pitt*, Del.Supr., 541 A.2d 554, 557 (1988). A petitioner under the writ is entitled to production of his person before the Superior Court "without delay" and the Superior Court is required to exercise its jurisdiction to inquire into the lawfulness of the detention. *Id.* at 556.

In transferring Newman's petition for habeas corpus to the Family Court, the Superior Court appears to have acted under the impression that it lacked jurisdiction to inquire into the legality of Newman's detention. To the extent that the Superior Court concluded that it lacked such jurisdiction, we find that determination to be contrary to the clear language and underlying entitlement of 10 *Del.C.* § 6903(a). Moreover, we conclude that a transfer under 10 *Del.C.* § 6901 to permit another court, in this case the judge who incarcerated the defendant initially, to examine into the lawfulness of the detention is clearly incompatible with the mandate of

the statute and the need for inquiry without delay into the "intrinsic fairness" of the process leading to, or the continuance of, the incarceration. *Petition of Pitt*, 541 A.2d at 557.

The Superior Court's reliance upon 10 *Del.C.* § 6901 as the basis for the transfer of the petition for habeas corpus is problematic. Although that statute appears to confer concurrent jurisdiction on both the Family Court and the Superior Court "in cases which are otherwise within its jurisdiction," persons committed for contempt in the Family Court have a specific entitlement to a writ of habeas corpus in the Superior Court under 10 *Del.C.* § 6903. Moreover, if § 6903 is viewed as controlling the question of concurrent jurisdiction, it cures the anomaly of having the same judge review the lawfulness of his own finding of contempt.

We recognize that the Superior Court may have believed that in transferring this matter to the Family Court it might thereby permit that court to exercise its 90 day review authority, but that belief remained unrealized when the Family Court refused to exercise jurisdiction over either petition. Thus the "transfer" here afforded no effective inquiry into the lawfulness of the continued commitment.

 Furthermore, we do not agree with the State's contention that the Superior Court's transfer order is interlocutory. The refusal of a court to exercise its exclusive jurisdiction under circumstances which results in complete denial of relief cannot be deemed an interlocutory order. At a minimum such a ruling is entitled to review under the collateral order doctrine. *See Gannett Co., Inc. v. State*, Del.Supr., 565 A.2d 895, 900 (1989).

## II

 In view of our ruling that Newman's petition for writ of habeas corpus should have been considered on its merits in the Superior Court, we consider the subsequent Family Court proceedings a nullity. However, for the benefit of the Family Court, we note that the pendency of an appeal from the initial finding of contempt does not deprive that court of the right to review a contempt sanction for the purpose of determining the appropriateness and effectiveness of continued incarceration. Whether there is a basis for an initial finding of contempt and the basis for continued incarceration after the passage of more than six months are two distinct issues. The mere pendency of an appeal as to the merits of the first does not preclude trial court jurisdiction to review the latter. In the absence of a stay, a trial court has continuing jurisdiction to enforce or review the enforcement of its orders. *Schmidt v. Schmidt*, Del.Supr., 610 A.2d 1374, 1376 (1992); *Mummert v. Wiggin*, Del.Supr., 616 A.2d 325, 326 (1992).

The September 22, 1995 decision of the Superior Court is REVERSED and this matter is REMANDED to the Superior Court for further proceedings in accordance with this decision. The September 28, 1995 decision of the Family Court is vacated and the appeal therefrom dismissed as moot. Jurisdiction is not retained.