**In the Matter of Ronald L. CANTRELL for a Writ of Habeas Corpus.**

**No. 258, 1996.**

Supreme Court of Delaware.

Submitted: June 21, 1996.
Decided: July 1, 1996.

Ronald L. Cantrell, pro se.

Brenda L. Sammons, Deputy Attorney General, Department of Justice, Wilmington.

Before WALSH, HOLLAND, and HARTNETT, JJ.

HOLLAND, Justice:

The Court has before it Ronald L. Cantrell's ("Cantrell") original petition for a *writ of habeas corpus* and the State of Delaware's motion to dismiss. It appears to the Court that the State's motion must be granted.

### Facts

The Family Court found Cantrell in civil contempt for failure to pay child support and committed him to an indefinite period of level V incarceration until such time as Cantrell reduced his arrears by $2000. *DiSabatino v.*

*Salicete,* Del.Supr., 671 A.2d 1344 (1996). The level V portion of the sentence was suspended for level IV home confinement. Cantrell was subsequently found to be in violation of the conditions of his home confinement and was placed at level V incarceration, pending the availability of bed space at a level IV halfway house. Cantrell filed a petition for an original *writ of habeas corpus* with this Court on June 11, 1996.

### Habeas Corpus Historically Child Support Enforcement

Prior to June 5, 1996, a person committed for contempt by the Family Court had a "specific entitlement to [seek] a *writ of habeas corpus* in the *Superior Court* under 10 *Del.C.* § 6903." *Newman v. DCSE/Durkin,* 672 A.2d 9, 11 (Del.1995) (emphasis added). In response to this Court's holding in *Newman,* 10 *Del.C.* §§ 6901 and 6903(a) were amended with regard to Family Court cases involving child support enforcement.

### Recent Legislation

■ As of June 5, 1996, those sections of Title 10 now read as follows:

§ 6901. **Jurisdiction to Grant Writs.**

The *writ of habeas corpus* shall be awarded and issued by the Superior Court except in cases involving **child support** enforcement in which case the writ shall be awarded and issued by the Family Court. The writ may also be awarded and issued by the Family Court in other cases which are otherwise within its jurisdiction. A petition for the issuance of a *writ of habeas corpus* may be reviewed and decided by the judge issuing the order incarcerating the petitioner in the first instance. (emphasis added).

§ 6903. **Person Committed for Contempt; Notice of Hearing.**

(a) A person committed by any judge of this State, a justice of the peace, or by the mayor or any Alderman of any city or town, for a contempt, except a contempt issued by the Family Court in a case involving a **child support** order, shall be entitled to the *writ of habeas corpus* in the Superior Court. A person committed by

the Family Court in a case involving a **child support** order shall be entitled to the *writ of habeas corpus* in the Family Court of the State of Delaware. (emphasis added).

### Conclusion

█ This Court has no original jurisdiction to issue a *writ of habeas corpus*. *Rocker v. State*, Del.Supr., 240 A.2d 141, 142 (1968); 10 *Del.C.* § 6901. Moreover, as of June 11, 1996, when Cantrell filed his petition for an original *writ of habeas corpus* with this Court, the legislature had vested exclusive jurisdiction over such applications with the Family Court, i.e., incarceration for non-payment of child support. 10 *Del.C.* §§ 6901, 6903(a). Cantrell's petition manifestly fails on its face to invoke this Court's original jurisdiction.

The State's motion to dismiss must be granted. Cantrell's petition for the issuance of a *writ of habeas corpus* is dismissed, pursuant to Supreme Court Rules 29(b) and 43.