IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF PERNELL § No. 328, 2016
STROMAN-BEY FOR A WRIT §
OF HABEAS CORPUS §

Submitted: July 6, 2016
Decided: August 25, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 25th day of August 2016, it appears to the Court that:

(1)     On June 27, 2016, Pernell Stroman-Bey filed a document with this Court entitled Memorandum in Support of Writ of Habeas Corpus ("the Memorandum"). The Clerk of the Court docketed the Memorandum as a petition for a writ of habeas corpus. Arguably, however, the Memorandum could be construed as an attempt to appeal from the denial of the petition for a writ of habeas corpus that Stroman-Bey filed in the Superior Court in Criminal ID No. 0906011571, which was denied on June 14, 2016.

(2)     The State filed a response to the Memorandum on July 6, 2016. The State asserts that if the Memorandum is construed as a petition for an original writ of habeas corpus, it must be dismissed because this Court's lacks jurisdiction to issue a writ of habeas corpus in the first instance. Alternatively, if the Memorandum is construed as an opening brief in support of Stroman-Bey's appeal

of the Superior Court's June 14, 2016 order denying his petition for a writ of habeas corpus, the State asserts that it is manifest on the face of the Memorandum that the Superior Court's judgment should be affirmed.

(3) We agree with the State's position. Under Article IV, § 11 of the Delaware Constitution, this Court has limited jurisdiction to issue extraordinary writs.[1] This Court lacks original jurisdiction to issue a writ of habeas corpus.[2] Thus, to the extent that the Memorandum requests this Court to issue a writ of habeas corpus in the first instance, his petition is dismissed for lack of jurisdiction.

(4) Moreover, to the extent that the Memorandum is construed as Pernell-Bey's opening brief on appeal from the Superior Court's decision denying his petition for a writ of habeas corpus, we find no merit to his appeal. Stroman-Bey appears to contend that the Superior Court has no jurisdiction over him because of his alleged status as a "Moorish American." This Court has already rejected the contention that the Superior Court lacks jurisdiction over a criminal defendant simply because the defendant claims to be the citizen or member of a sovereign tribe or nation.[3] Stroman-Bey pled guilty in the Superior Court in 2010 to Murder in the First Degree and related charges. In 2012, he pled guilty in the Superior

---

[1] Del. Const. art. IV, § 11(6) (providing that the Supreme Court may issue "writs of prohibition, quo warranto, certiorari and mandamus").

[2] *Rocker v. State*, 240 A.2d 141, 142 (Del. 1968).

[3] *See Rodriguez v. State*, 2014 WL 1513282 (Del. Apr. 16, 2014); *Brown v. State*, 2005 WL 1950213 (Del. July 19, 2005) (*citing Nevada v. Hicks*, 533 U.S. 353 (2001)).

Court to Assault in the Second Degree. The Superior Court has jurisdiction over those felony offenses. There is simply no merit to Stroman-Bey's contention that the Superior Court lacked jurisdiction over him or his offenses.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_Randy J. Holland_
Justice

3