IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF JOSEPH BUDNER | § | |
| ELAD FOR A WRIT OF HABEAS | § | No. 417, 2023 |
| CORPUS | § | |

Before **VALIHURA**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

This 30th day of January, 2024, it appears to the Court that:

(1)     The petitioner, Joseph Budner Elad, is the defendant in ejectment proceedings filed by Truist Bank in the Superior Court concerning property located at 2700 Philadelphia Pike, Claymont, Delaware (the "Property").[1]  Elad has filed a complaint seeking to invoke the original jurisdiction of this Court to issue a writ of habeas corpus.  The complaint alleges that various Superior Court judges have violated Elad's natural and constitutional rights and federal statutes and asserts various errors in the ejectment proceedings and a related mortgage foreclosure action in which Elad also is a defendant.[2]  Elad seeks the following relief:  (i) to void all orders issued in the ejectment and foreclosure proceedings; (ii) to assemble a grand jury and conduct a jury trial to establish alleged wrongdoing by the Superior Court judges in connection with the proceedings relating to the Property; (iii) removal of

---

[1] *Truist Bank v. Elad*, N23C-02-243 (Del. Super.).
[2] *JDT Branch Banking & Trust Co. v. Elad*, N17L-06-100 (Del. Super.).

the judges from their judicial positions; and (iv) damages of more than $40,000,000 from the judges and others.[3]

(2)     Before discussing the merits of this matter, we address some procedural issues.  On January 5, 2024, Truist Bank filed a motion to affirm.  Supreme Court Rule 25(b) permits motions to affirm in "civil appeals from orders denying petitions for extraordinary writs."  But Elad did not file this matter as an appeal from the Superior Court's denial of extraordinary writs, and Rule 25(b) therefore does not permit a motion to affirm.[4]  Moreover, Rule 43, which "governs the exercise of the Court's original jurisdiction over proceedings involving . . . extraordinary writs[,]" provides that "[a]n answer is requested to be filed within 20 days of the filing of the complaint. . . ."[5]  Although the operative complaint in this matter was filed on November 27, 2023, the time to file an answer began to run after December 12, 2023, when the Court granted Elad's motion to proceed in forma pauperis.[6]  Thus, even if

---

[3] Elad has filed various documents in the Superior Court making similar allegations and seeking similar relief.  *E.g.*, *Truist Bank v. Elad*, N23C-02-243, Docket Entry Nos. 42, 47, 48, 53.

[4] *See* DEL. SUPR. CT. R. 25(b) ("Motions to affirm may only be filed in civil appeals from orders denying petitions for extraordinary writs. . . .  In all other cases in which a party seeks expedited resolution of a civil appeal, the party shall follow the procedures set forth in subparagraph e.").

[5] *Id.* R. 43(b)(ii).

[6] *See In re Elad*, No. 417, 2023, Docket Entry No. 2, Letter from Senior Court Clerk to Elad (Del. filed Nov. 15, 2023) (acknowledging initial filing in this matter, directing Elad to file a Form N Complaint and to pay the filing fee or file a motion and affidavit to proceed in forma pauperis, and stating that "[t]he time to file an answer under Rule 43(b)(iii) will not start to run until the filing fee is paid or the motion to proceed in forma pauperis is granted").

deemed an answer under Rule 43, Truist Bank's filing was untimely.[7]  For these reasons, the motion to affirm is stricken.

(3)     On January 9, 2024, the Clerk's office struck Elad's response to the motion to affirm.  Rule 25 does not permit any response to a motion to affirm unless requested by the Court.[8]  Similarly, Rule 43 does not permit any further submissions following an answer to the complaint, unless directed by the Court.[9]  The Court therefore concludes that the response was appropriately stricken.

(4)     Turning to the merits of the complaint, we conclude, after careful review, that this action must be dismissed.[10]  As an initial matter, this Court has no original jurisdiction to issue a writ of habeas corpus.[11]  Moreover, habeas relief is not available to Elad because he is not detained, and the matter therefore is without merit even if viewed as an appeal from the Superior Court's denial of the requests

---

[7] The last day of the twenty-day period following the Court's granting of Elad's motion to proceed in forma pauperis was January 1, 2024, a legal holiday; an answer, if any, therefore was due by the end of the day on January 2, 2024.  DEL. SUPR. CT. R. 11(a).

[8] *See id.* R. 25(a)(iii) ("There shall be no briefing, argument or response to the motion, unless requested by the Court.").

[9] *See id.* R. 43(b)(ii) (permitting the filing of an answer and providing that "unless the Court otherwise directs, no further submissions of the parties shall be accepted"); *id.* R. 43(b)(vii) ("Upon receipt of the writ, no further submission by the petitioner will be accepted without leave of the Court.").

[10] *See id.* R. 29(c) (permitting *sua sponte* dismissal of a petition seeking to invoke the original jurisdiction of the Court over extraordinary writs); *see also id.* R. 43(b)(ii) ("If the complaint is directed against a judge who does not desire to appear or participate in the proceeding, the judge may so advise the Clerk by letter. . . .  The complaint shall not be taken as admitted whether or not such a letter is submitted.").

[11] *In re Cantrell*, 678 A.2d 525, 526 (Del. 1996); *see also In re Boston*, 1988 WL 19719, at *1 (Del. Feb. 29, 1988) ("It is clear that this Court has no original jurisdiction to issue a writ of habeas corpus.").

for habeas relief that he filed in that court.[12] "[T]he writ of habeas corpus under Delaware law provides relief on a very limited basis."[13] The "sole purpose" of a writ of habeas corpus under Delaware law "is to determine the legality of a detention and not the underlying merits of a controversy."[14] Elad is not detained by the State; therefore, habeas relief is not available.[15]

(5) The complaint also is without merit to the extent that it seeks a writ of mandamus.[16] "A writ of mandamus is an extraordinary remedy issued by this Court

---

[12] *See, e.g.*, *In re Elad*, No. 417, 2023, Docket Entry No. 7, Complaint in Proceedings for Extraordinary Writ, at 4 (Del. filed Nov. 27, 2023) (alleging that Superior Court judges "illegally denied or dismissed" Elad's "Habeas Corpus filings").

[13] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[14] *In re Hargreaves*, 1986 WL 16284, at *1 (Del. Jan. 7, 1986); *see also Hall*, 692 A.2d at 891 (stating that a writ of habeas corpus under Delaware law "provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment").

[15] *Cf. Taylor v. State*, 2002 WL 31477136, at *1 (Del. Nov. 4, 2002) ("[I]t appears that Taylor has been released from prison and is currently serving a probationary sentence at Level II. As such, he is not a person 'imprisoned or restrained of liberty' within the meaning of the statute governing habeas corpus and his request for habeas corpus relief is moot." (citation omitted)); *Family Court v. Alexander*, 522 A.2d 1265, 1267 (Del. 1987) ("The nature of the writ of habeas corpus in Delaware strongly suggests that once the person for whose benefit the writ has issued is no longer in custody the proceedings are at an end. . . . In Delaware, therefore, only the legality of current deprivations of liberty are controvertible in habeas corpus proceedings."); *Olson v. Anstreicher*, 327 A.2d 603, 604 (Del. 1974) (stating that "[i]n Delaware habeas corpus is a writ designed to obtain the 'speedy release of persons illegally deprived of their liberty'" and determining that habeas relief was not available to a person challenging his involuntary commitment to the Delaware State Hospital because he had been released on convalescent leave and could challenge any recall from convalescent leave under the statute establishing procedures for involuntary commitments).

[16] Elad's complaint, filed on November 27, 2023, does not appear to refer to a writ of mandamus, but certain of his other filings, including the document by which he commenced this action on November 14, 2023, do. In recognition of Elad's status as a self-represented litigant, we have afforded Elad leniency in presenting his claims to this Court and have reviewed his various filings to discern the substance and decide the merits of his claims. *See generally Gunzl v. R&K Motors*

4

to compel a trial court to perform a duty."[17]  A writ of mandamus will issue only if the petitioner can show:  (i) that he has a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the Superior Court has arbitrarily failed or refused to perform its duty.[18]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[19]

(6)    Elad's complaint is based on various claims of legal error in the foreclosure and ejectment proceedings.  For example, Elad asserts that he was not properly served, was denied due process, and was denied a jury trial; the bank did not present an original promissory note to demonstrate a debt; the court should not have allowed seizure of the Property because Elad had surplus equity; and the court illegally denied or dismissed his habeas corpus filings.  To the extent that the complaint seeks to void the Superior Court's orders—or otherwise compel a different result—in the foreclosure or ejectment proceedings based on such claims

---

& *Machine Shop*, 2004 WL 1058367, at *1 (Del. May 4, 2004) (stating that the Court "affords self-represented litigants a degree of leniency in filing documents on appeal").

[17] *In re Foster*, 2010 WL 424659, at *1 (Del. Feb. 5, 2010); *see also In re Bordley*, 545 A.2d 619, 620 (Del. 1988) ("The peremptory writ of mandamus has traditionally been used only to confine a trial court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." (internal quotations omitted)).

[18] *Bordley*, 545 A.2d at 620.

[19] *Id.*

of legal error, this action cannot provide the relief he seeks.[20] Similarly, Elad's requests for assembly of a grand jury and a jury trial concerning alleged wrongdoing by the Superior Court judges, removal of the judges from their judicial positions, and damages are well beyond the scope of relief available in a mandamus proceeding and are not supported by a showing of a clear right to the performance of a duty.

NOW, THEREFORE, IT IS ORDERED that the complaint in proceedings for extraordinary writ is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[20] *See id.* (stating that the Court will not issue a writ of mandamus to compel a trial court to decide a matter in a particular way).

6