IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LUCIANA HILL,[1] | § | |
| | § | |
| Petitioner Below, | § | No. 252, 2025 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| DIEGO GONZALEZ, | § | |
| | § | File No. CN23-04457 |
| Respondent Below, | § | Petition  No. 24-16280 |
| Appellee. | § | |

Submitted:  October 10, 2025
Decided:    December 18, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    Luciana Hill ("Mother") filed this appeal from the Family Court's dismissal of her petition to modify custody and denial of her motion for reargument. For the reasons set forth below, this Court affirms the Family Court's judgment.

(2)    Mother and Diego Gonzalez ("Father") are the parents of a child born in May 2020 ("the Child").  On May 20, 2024, the Family Court issued a decision awarding the parents joint legal custody and shared residential placement of the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Child.  Mother, who had been represented by counsel, filed a pro se motion for reargument.   The Family Court denied the motion.

(3)   On July 16, 2024 Mother, representing herself, filed an emergency petition for custody modification alleging that the Child had suffered several injuries and visited the hospital on June 26, 2024.  She sought an *ex parte* order granting her sole custody and primary residential placement.  The Family Court denied the petition, finding that Mother failed to allege immediate irreparable harm.

(4)   On October 4, 2024, Mother filed a second emergency petition for custody modification alleging that the Child had suffered several injuries, experienced psychological distress, and visited the hospital on June 26, 2024.  She again sought an *ex parte* order granting her sole custody and primary residential placement of the Child.  The Family Court denied the motion, ruling that the matter would proceed in the ordinary course.

(5)   On December 13, 2024, the court held a case management teleconference and issued a scheduling order.  The court informed Mother that because she filed her petition within two years of the May 20, 2024 custody order she would have to comply with 13 *Del. C.* § 729(c) for custody modification and establish that continuing enforcement of the May 20, 2024 order might endanger the Child's physical health or significantly impair the Child's emotional development.

2

(6) On December 18, 2024, Father filed an answer to Mother's petition. Father alleged that he was not aware of any injuries the Child had suffered in his care and that the June 26, 2024 hospitalization was a result of the daycare not complying with its protocols. On January 8, 2025, Mother filed a motion for summary judgment because Father had not timely denied the allegations in her petition. The Family Court denied the motion based on Father's filing of an answer.

(7) On May 1, 2025, the Family Court held a hearing on Mother's petition. Following the hearing, the Family Court entered an order dismissing the petition because there was no basis to grant the relief requested. The order stated that Mother declined to affirm the truthfulness of her testimony and asked the court to revoke its jurisdiction because she did not believe she or the Child were subject to the court's jurisdiction. Mother filed a motion for reargument based on her confusion about how to proceed at the hearing without infringing on her religious beliefs. The Family Court denied the motion.

(8) On appeal, Mother argues that the Family Court exhibited bias and discrimination against her religious beliefs in denying her motion for summary judgment and dismissing her petition for custody modification. This Court reviews the Family Court's factual and legal determinations as well as its inferences and

deductions.[2] We will not disturb the Family Court's rulings on appeal if the court's findings of fact are supported by the record and its explanations, deductions, and inferences are the product of an orderly and logical reasoning process.[3] We review legal rulings *de novo*.[4] If the Family Court correctly applied the law, then our standard of review is abuse of discretion.[5]

(9) The Family Court did not exhibit bias or discrimination in denying Mother's motion for summary judgment and dismissing her petition for custody modification. Under Rule 59(a) of the Family Court Rules of Civil Procedure, the Family Court will grant summary judgment "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." At the time Mother moved for summary judgment, Father had filed an answer denying her allegations that he was harming the Child. Mother failed to show that there was no genuine issue of material fact concerning the Child's well-being in the Father's care and therefore was not entitled to summary judgment.

(10) As to the dismissal of Mother's petition for custody modification, the Family Court found that there was no basis to grant the petition because Mother

---

[2] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

[3] *Id.*

[4] *Forrester v. Forrester*, 953 A.2d 175, 179 (Del. 2008)

[5] *CASA v. Dep't of Servs. for Children, Youth and Their Fams.*, 834 A.2d 63, 66 (Del. 2003).

asked the court to revoke its jurisdiction and would not affirm the truthfulness of her testimony at the hearing. The Delaware Rules of Evidence require a witness to "give an oath or affirmation to testify truthfully…in a form designed to impress that duty on the witness's conscience" before testifying.[6] Mother's religious beliefs did not exempt her from this requirement because "[w]itnesses having conscientious scruples against taking an oath are permitted by 10 *Del. C.* § 5323 to declare and affirm."[7] Given Mother's refusal to affirm the truthfulness of her testimony, there was no basis for the Family Court to find that continuing enforcement of the May 20, 2024 order might endanger the Child's physical health or significantly impair the Child's emotional development as required for custody modification under Section 729(c). The Family Court did not err in denying Mother's motion for summary judgment or dismissing her petition for custody modification.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[6] D.R.E. 603.

[7] *Rocker v. State*, 240 A.2d 141, 144 (Del. 1968). *See also* 10 *Del. C.* § 5323.

5