IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF WILLIAM BOYLES | § | |
| FOR A WRIT OF HABEAS | § | No. 439, 2025 |
| CORPUS | § | |

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

This 3rd day of February 2026, it appears to the Court that:

(1)    The petitioner, William Boyles, has filed with this Court a petition for a writ of habeas corpus, captioned in Superior Court, asserting that the Department of Correction is holding him in a Level V program when he should "be at a Level 3 outpatient program by now."  The State has responded with a motion to dismiss, arguing that the petition fails to invoke the original jurisdiction of this Court and to establish entitlement to relief.

(2)    We conclude that the State's motion must be granted and this action dismissed.  "This Court has no original jurisdiction to issue a writ of habeas corpus."[1]  Rather, authority to issue a writ of habeas corpus is vested in the Superior Court and, in cases involving child support enforcement, in the Family Court.[2]

---

[1] *In re Johnson*, 2005 WL 1355126, at *1 (Del. June 6, 2005) (citing *In re Cantrell*, 678 A.2d 525, 526 (Del. 1996)); *see also In re Boston*, 1988 WL 19719, at *1 (Del. Feb. 29, 1988) ("It is clear that this Court has no original jurisdiction to issue a writ of habeas corpus.").

[2] 10 *Del. C.* § 6901; *see also* DEL. CONST. art. IV, § 11(e) (vesting original jurisdiction in the Supreme Court to issue specified extraordinary writs that do not include writs of habeas corpus).

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice