ROBERT K. SKINNER, Appellant, v. STATE OF DELAWARE, Appellee.

(*November* 4, 1957.)

WOLCOTT and BRAMHALL, Justices, and CAREY, Judge, sitting.

*Robert K. Skinner*, in *propria persona.*

*Alexander Greenfeld*, Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, Nos. 4 and 5, 1957.

WOLCOTT, J.:

This is an appeal seeking review of the dismissal of two petitions for writs of habeas corpus filed by the appellant, an inmate of the New Castle County Correctional Institution. The appellant was convicted after trial in the Family Court of New Castle County on a charge of harboring a female for sexual purposes and on two charges of contributing to the delinquency of a minor, and sentenced to a term of four years. At the conclusion of his trial the appellant was advised by the Judge of his right to an appeal to the Superior Court. He thereafter took no steps to perfect such an appeal.

In *Curran v. Woolley*, 9 *Terry* 382, 104 *A.* 2d 771, this court held that the writ of habeas corpus may not be used as a writ of error to obtain a reversal of a conviction, and that after a judgment of conviction and a commitment pursuant to the conviction, the only material fact to be ascertained upon a petition for a writ of habeas corpus is the existence of a judgment of conviction by a court of competent jurisdiction and a valid commitment of the prisoner to enforce the sentence.

11 *Del. C.* § 821 and 10 *Del. C.* §§ 951 (4), 978, establish as a misdemeanor the offense for which the prisoner was convicted and confer jurisdiction on the Family Court of the crime by the filing of an information. It appears that the appellant was tried on information in a court of competent jurisdiction, convicted of an offense, and validly committed to prison. Under these circumstances, he has shown no right to a writ of habeas corpus.

The judgments below are affirmed.