IN THE SUPREME COURT OF THE STATE OF DELAWARE

ROBERT J. PIPER, § 
§ No. 220, 2019
Defendant Below, §
Appellant, §
§ Court Below–Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § C.A. No. S19M-05-001
§
Plaintiff Below- §
Appellee. §

Submitted: October 3, 2019
Decided: November 25, 2019

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## O R D E R

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Robert J. Piper, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Piper's opening brief that his appeal is without merit. We agree and affirm.

(2)     The record reflects that, on February 26, 2019, a Justice of the Peace sentenced Piper in case #1707012046 to one year of Level V incarceration, suspended for 120 days of Level IV supervision to be served at the Violation of Probation Center. A different Justice of the Peace discharged Piper from probation in case #1612004031 on March 20, 2019. Piper attempted to appeal his sentence

in case #1707012046 to the Court of Common Pleas. For reasons that are unclear and irrelevant to this appeal, the Court of Common Pleas determined Piper intended to appeal his sentence in case #1612004031. Because Piper had been discharged from probation on March 20, 2019 in that case, the Court of Common Pleas deemed Piper's appeal moot.

(3)  On May 1, 2019, Piper filed a petition for habeas corpus in the Superior Court. Piper asserted that he was entitled to be released from incarceration because the Court of Common Pleas determined that he had been discharged from probation on March 20, 2019, and, therefore, he was being held illegally. The Superior Court concluded that Piper was being lawfully detained in case #1707012046 and denied the petition on May 10, 2019. This appeal followed.

(4)  After careful consideration of Piper's opening brief and the State's motion to affirm, we conclude that the judgment of the Superior Court should be affirmed. In reviewing a denial of habeas corpus relief, this Court has held that "the only material fact to be ascertained upon a petition for a writ of habeas corpus is the existence of a judgment of conviction of a court of competent jurisdiction and a valid commitment of the prisoner to enforce the sentence."[1] The record reflects that the Justice of the Peace's commitment of Piper in case #1707012046 is

---

[1] *Skinner v. State*, 135 A.2d 612, 613 (Del. 1957).

valid on its face, and Piper was being held pursuant to that valid commitment.[2]

Thus, there is no basis for a writ of habeas corpus.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] On August 14, 2019—after the Superior Court denied Piper's petition—a Justice of the Peace found Piper in violation of the terms of his probation in case #1707012046 and sentenced him to one year of Level V incarceration, suspended after 120 days. Accordingly, Piper remains lawfully detained.